8 U.S. 317
 4 Cranch 317
 2 L.Ed. 633
 THE MAYOR AND COMMONALTY OF ALEXANDRIA
v.
PATTEN AND OTHERS.
 February Term, 1808
 
 1
 ERROR to the circuit court of the district of Columbia, sitting at Alexandria, in an action of debt brought by the mayor and commonalty of Alexandria, for the use of John G. Ladd, against Thomas Patten and his sureties, on a bond given for the performance of his duty as vendue-master.
 
 
 2
 The object of the suit was to recover a sum of money alleged to remain in his hands as vendue-master on account of goods sold for Ladd. Patten was also the debtor of Ladd for goods sold by him to Patten, who gave in evidence payments which exceeded the amount due upon the latter account, and which, if applied to the former account, would nearly, if not entirely, discharge that debt. The payments were attended by circumstances which the defendants considered as evidence of a clear intention to apply them to the debt due from Patten as vendue-master; 'Whereupon the counsel for the plaintiffs prayed the opinion of the court whether, from the manner in which the payments were made as aforesaid, the said John G. Ladd had not a right to apply so much of the money, paid to him as aforesaid, as would discharge the debt due to him as aforesaid, for goods sold as aforesaid to the said Thomas Patten, to the discharge of the same. Whereupon the court instructed the jury, that if they should be satisfied by the evidence that the payments of the money by the defendant Patten were made on account of the goods sold at vendue, and so understood by both parties at the time of the payments, they must be applied to that account.
 
 
 3
 'If Mr. Patten, at the time of paying the money, did not direct to which account it should be applied, and if it was not understood by the parties at the time of payment on which account it was made, the plaintiff had a right immediately to make the application to which account he pleased; but such application must have been recent, and before any alteration had taken place in the circumstances of Mr. Patten.
 
 
 4
 'If neither of the parties made the application as aforesaid, and if the parties did not then understand on which account it was made, then the payments ought in law to be applied to the discharge of the vendue account, the non-payment of which is alleged as the breach of the bond upon which the present suit is brought.'
 
 
 5
 To this opinion the plaintiffs excepted, and the verdict and judgment being against them, brought their writ of error
 
 
 6
 Swann, for plaintiffs in error, contended that where there are different debts due by a debtor to his creditor, and a payment be made generally on account, the creditor has a right to apply the payment, whenever he pleases, to which account he pleases, and cited the case of Goddard v. Cox, 2 Str. 1194.
 
 
 7
 Youngs, contra.
 
 
 8
 It is admitted that the defendant had the right at the time of payment to direct its application, and that if he did not then exercise that right, it devolved upon the plaintiff. But the question is, when is the plaintiff to exercise the right? Can he, at any indefinite period after the payment, and under any change of circumstances, apply the payment as he pleases? Can he, at the moment of trial, when the defendant produces evidence of payments, say I choose to apply these payments to the other account? The rules of law are all founded in reason. Some reasonable limit must be supposed to the exercise of this right. In the present case the interests of third persons are involved. The sureties may have been lulled into security by the evidence of these payments.
 
 
 9
 The court below was bound to decide according to the laws of Virginia, which have been adopted by congress for the government of the county of Alexandria.
 
 
 10
 The law is conclusively settled in Virginia, by the highest tribunal in that state, in the case of Braxton v. Southerland, 1 Wash. 133. where the president of the court of appeals, in delivering the opinion of the court, says, 'Although, if the debtor neglect to make the application at the time of payment, the election is then cast upon the creditor, yet it is incumbent upon the latter, in such a case, to make a recent application, by entries in books or papers, and not to keep parties and securities in suspense, changing their situation from time to time, as his interest, governed by events, might dictate.' And upon this principle the decree of the court in that case was founded. It was not a mere dictum, but the very ground of the court's decision. This then being the law of Virginia, the court below was bound by it.
 
 
 11
 If the opinion of the court of appeals of Virginia needed support, it would be found in 2 Pothier on Obligations, 45. who gives it as a rule of the civil law, that 'when the debtor in paying makes no application, the creditor to whom money is due for different causes may apply it to the discharge of which he pleases.' But he goes on to say, 'It is necessary, 1st. That this application should have been made at the time; and, 2d. That the application which the creditor makes should be equitable.' Another rule, in p. 49. is, that 'when the application has not been made either by the debtor or the creditor, the application ought to be made to that debt which the debtor had, at the time, most interest to discharge.' And, as a corollary, he says, 'The application is made rather to the debt for which the debtor has given a surety, than to those which he owes alone. The reason is, that in paying the former he discharges himself towards two creditors—his principal creditor, and his surety whom he is bound to indemnify.'These principles are confirmed by 1 Domat. 287. tit. de solutione.
 
 
 12
 The case of Goddard v. Cox, cited for the plaintiffs, is a mere Nisi Prius case before Chief Justice Lee, in Middlesex; and it only decides the principle, that where a defendant is indebted to the plaintiff on two simple contracts of equal dignity and of the same nature, and for neither of which is any other person bound, and the payment is made generally on account, without any application having been made by the defendant, the right to make the application devolves on the plaintiff. It does not decide the question now before the court, which is, whether the plaintiff is not bound to make a recent application in cases where the interests of sureties are concerned.
 
 
 13
 All the cases in which the plaintiff has been permitted at law to make his election, are cases where the debts were of equal dignity and of similar nature, and where it did not appear to be important to the debtor, or any other person, to which debt the payment should be applied. Esp. N. P. 229.
 
 
 14
 There is, in truth, no difference in principle between the rule in equity and the rule at law, as to the application of payments.
 
 March 7.
 
 15
 MARSHALL, Ch. J. after stating the case, delivered the opinion of the court, as follows:
 
 
 16
 It is a clear principle of law, that a person owing money on two several accounts, as upon bond and simple contract, may elect to apply his payments to which account he pleases; but if he fails to make the application, the election passes from him to the creditor. No principle is recollected which obliges the creditor to make this election immediately. After having made it he is bound by it, but until he makes it he is free to credit either the bond or simple contract.
 
 
 17
 Unquestionably, circumstances may occur, and perhaps did occur in this case, which would be equivalent to the declaration of his election on the part of the debtor, and therefore the court was correct in instructing the jury, that if they should be satisfied that the payments were understood to be made on account of the goods sold at vendue, they ought to apply them to the discharge of that account; but in declaring that the election, which they supposed to devolve on the plaintiff if the application of the money was not understood at the time by the parties, was lost if not immediately exercised, that court erred.
 
 
 18
 Their judgment, therefore, must be reversed, and the cause remanded for a new trial.