Q’Neall, J.
delivered the opinion of the Court.
Two only of the questions raised in this case will be necessary to be considered. 1st. Whether the present plaintiffs can maintain this action, after having recovered a judgment on the note,' and assigned it to a third person. 2d.- Whether the commissioner in equity, who was the receiver of M’D'onald’s estate, was bound, under the directions of the principal Beckham, to have applied the funds in his hands to the payment of the note now in suit.
1st. It appears, that the commissioner in equity was authorized, as receiver, or in some other character, to receive the debt now sued on and that Zadoek and Jackey Perry, as friends of the principal, paid the debt, but took an assignment of the judgment previously recovered against him. At the same time this note was delivered to themand the present suit although *618 in the name of the original payee, is brought for their benefit, iji{jese facts ¿0 not make out any such thing as payment.' It is ordinary case of purchasing the note of another. The force of the objection can be tested by a single question. Can the ** , * former recovery, by these plaintiffs against the principal Beck-ham, be pleaded in bar to- a recovery in this case, without avering satisfaction of it T It is clear that it cannot; and it is equally clear, from the facts already stated, that that judgment' is not satisfied. It has changed hands, it is true; but upon the facts stated on this question, we should be bound to say, that it still is a subsisting, debt against Beckham.
2nd. It appears, in relation to the second question, that the principal, Beckham, was a creditor of the intestate; and that the commissioner had in his hands the sum of $640, to which Beekhanr was in that way intitled ;• and that he directed the commissioner to apply this money to' the note now in suit.-The commissioner had also an older execution at the suit of these plaintiffs against Beckham, and was about to enforce it by the sale of some property which was subject to its lien, but which Beckham had sold to Mr. Cunningham, whose title had been guaranteed by Zadock and Jackey Perry ; and these latter proposed to the commissioner, to apply the fund in his hands-to the payment of the senior execution, and- permit them to pay the balance. This, he refused to do, unless this debt was included. They assented to his proposition, and from the aggregate of both debts, he deducted $500, which he then supposed to be the amount which Beckham was intitled to receive; whereupon they paid him the balance, and he assigned both judgments to-them, and delivered this note. He subsequently ascertained that Beckham was intitled to $640, instead of $500; and he paid the balance of $140, to the Perrys,, under an order fromBeckham.
The commissioner, being intitled to receive the debts due the plaintiffs, is, as to all legal purposes, the same as if he had been the creditor. The funds in his hands, he was bound to pay to Beckham, or to apply it to either of the debts in his hands, as the latter might direct. The rule is well settled that a debtor making a payment, has the right to direct its application ; and the same- , rule must apply to a fund which the creditor receives for him. 4 Cranch, 317, 7 Id. 572, 6 Id., 8, 7 Wheat, 13. It is true *619 that the debtor could not, if he had thought proper-so to do, have required the money to have been paid over to himself. The creditor might very properly have said, “ first pay to me what you owe.” If he had sued, it is likely that the debts might have been set off against his demand. But still, this does not deprive him of the right to direct to which debt it shall he applied. Discount it against either, and the creditor cannot complain, for he pays his own debt, or liability, with the debt of his creditor.
If the executions could have had any lien ou the money, then the elder must certainly have been preferred: but until paid to Beckham, it was not subject to levy; and until it was liable to be seized in execution, there could be no lien on it. Until paid over, the commissioner was liable to Beckham for the amount. This was a mere chose in action, on which a lien could not attach, and was not subject to levy.
' When the Perrys paid the balance of Beckham’s debt to the commissioner, the $500, then in his hands, was deducted from the aggregate of both debts; but as it was the duty of the commissioner, under Beckham’s directions, to apply this sum to the payment of this debt, it must now be regarded as so applied: and if the sum of $500, exceeds the amount of the debt, interest, and costs, then accrued, this note is legally paid and satisfied. The motion for a new trial is therefore granted.
Johnson, J. and Martin, J. sitting for Harper, J. concurred.
Motion granted.