og 449,
111a 1412

Guy C. Bayley, appellant, *v.* Legrand Wynkoop, appellee.

*Appeal from Lee.*

A debtor has the right, at the time of making a payment, to direct its application. If he fail to do this, then the same right devolves upon the creditor subject certain exceptions and limitations.

The application of a payment by either party may be proved as well by circumstances as by express declarations.

Where neither a debtor or creditor makes a specific application of a payment, the law will apply it as justice and fair dealing may dictate.

This was an action originally brought before a justice of the peace of Lee county by the present appellee against the appellant, who rendered a judgment for the plaintiff below for $77. The defendant appealed to the Circuit Court.

The cause was heard in the Circuit Court at the April

term, 1848, before the Hon. Thomas C. Browne and a jury, when a verdict and judgment were rendered for the plaintiff for $76·52. On the trial, it was proved that the defendant had paid the plaintiff the sum of fifty dollars through a third person, after the account on which the suit was brought accrued. The defendant, having been sworn as a witness, testified that when this payment was made, he gave no direction as to its application, but that he intended it to apply to the account. It was further proved that defendant owed Wynkoop & Kennedy, on which debt he had made payments both before and after the time the payment aforesaid was made. It was also proved that defendant had fully paid the partnership account before this suit was commenced; that no settlement, however, had been made, and that he was in the habit of paying the firm on orders drawn by them on him ; and that, after the payment first mentioned, he paid the firm several amounts and upwards of three hundred dollars thereof to Kennedy.

The foregoing was, in substance, the testimony offered on the trial.

*J. O. Glover & B. C. Cook,* for the appellant.

The application of a payment either by debtor or creditor may be proven by circumstances as well as by words. *Howland,* adm'r. v. *Rench,* 7 Blackf. 236.

The creditor may apply the payment to whatever debt he thinks proper, unless there are circumstances which would render the exercise of such discretion unreasonable and enable him to work injustice to his debtor. *Arnold* v. *Johnson,* 1 Scam. 196.

When a payment is made to the holder of two notes against the person paying sufficient to extinguish one of them, bringing suit upon the other is an election to appropriate the payment to the discharge of the former. 2 U. S. Dig. 513.

If one member of a firm make a payment to a person who has an account against him, and also against the firm,

the creditor must apply the payment to the individual account. 2 U. S. Dig. 512.

*E. S. Leland,* for the appellee.

The Opinion of the Court was delivered by

CATON, J. Upon the trial below, the plaintiff proved a demand against the defendant for ninety four dollars and rested. The defendant then proved an undisputed set off to the amount of $17·48. He also proved a payment to the plaintiff of fifty dollars, after the account accrued. The defendant was then sworn as a witness who testified, that at the time he paid the said sum of fifty dollars he gave no direction as to its application. It also appeared that the plaintiff and one Kennedy, as partners, had, prior to the date of the plaintiff's individual account, a demand against the defendant for work, &c., on which the defendant had made sundry payments, both before and after the payment of the fifty dollars. In making payments on the partnership accounts, he had sometimes paid on the individual order of one partner and sometimes of the other. It was further proved by the testimony of the defendant, that he had paid the full amount of the partnership debt before the commencement of this suit, independently of the said sum of fifty dollars, but that no settlement had been made between the defendant and the co-partners. Of five hundred dollars which the defendant paid to the co-partners, he paid about three hundred dollars to Kennedy. Upon this evidence the jury returned a verdict for the plaintiff for seventy six dollars and fifty two cents. The Court overruled a motion for a new trial to which the defendant excepted.

It is unnecessary now to go into an extended examination of all of the rules of law governing the application of a payment of money made by a debtor to his creditor holding two demands, upon either of which the payment might be applied. Although upon many of the questions involved in this subject, the authorities are contradictory, and the rules still uncertain, yet, so far as they are necessary for the decision of this

case, they are clearly defined, and well understood. The debtor has the right at the time he makes the payment, to apply it to which ever debt he pleases. If he fails to do this, then the same right devolves upon the creditor, subject however to certain exceptions and limitations, which it is unnecessary to examine now ; nor is it material to inquire whether the creditor must exercise this right immediately, or may do it at any time afterwards, as has been held in some cases. 9 Cowen, 435; 4 Cranch, 317. The appropriation by either party may be proved as well by circumstances as by express declarations. 2 Greenl. Ev. § 530 ; *Seymour* v. *Von Slyck*, 8 Wend. 403. In case neither party makes the specific application, then the law will apply it as justice and fair dealing may dictate. 2 Greenl. Ev. § 533. In this case the only question is, whether the defendant was entitled to a credit for the fifty dollars paid by him to the plaintiff. There is no direct evidence showing that either party made any specific application of that payment, either at the time it was made, or at any subsequent period. The fact however, that, subsequent to this payment the defendant paid all that was due to the co-partnership of Wynkoop & Kennedy, not including the fifty dollars, and that they received such payment without having credited him with the fifty dollars, tends to show that neither party supposed that that payment was properly applicable to the partnership debt. This inference however is weakened, when we remember that this partnership debt was paid at different times, sometimes to one partner and sometimes to the other, and that no settlement or accounting had taken place between the parties, of the partnership debt. But we are of opinion the law should make the same application of this payment, which the circumstance alluded to tends to show that the parties had made themselves. There can hardly be two opinions as to what justice and fair dealing would dictate. As the case now stands the plaintiff has received from the defendant fifty dollars more than he has credit for. After he has paid the whole of the partnership debt and fifty dollars, which he supposed would, as a matter of course, go in extinguishment

of the individual debt, it seems very unjust to allow the very man who has once received the money to recover it over again. The proposition will hardly bear argument. We are satisfied the jury must have misunderstood the law as applicable to the facts as proved, and that the case should be submitted to another jury.

The judgment of the Circuit Court is reversed and the cause remanded.

*Judgment reversed.*