# A. RUFFER ET AL.

*v.*

# PATXOT, CASTELLO, ET AL.

---

SERVICE OF PROCESS AGAINST A FIRM—APPLICATION OF PAYMENTS— INTEREST.

1. Under the rules of this court, service of process upon one member of a firm brings the firm into court as to the firm property; but there can be no personal judgment against a partner not served.

2. By the common law the debtor owing two or more debts may, when he makes a partial payment, direct upon which debt it shall be applied. If he gives no direction, the creditor may apply it as he chooses. By the civil law, in the absence of any direction, the creditor must apply it upon the debt most onerous to the debtor. Under both the civil and common law payments must be applied first to the extinction of interest.

3. By the local law a mortgage debt as to the third parties can bear interest for a limited time only, it and the amount to be stipulated; and where an amount is fixed by the contract, it controls.

January 9, 1904.

---

*Mr. Pettingill* for complainants.

*Messrs. Horton & Cornwell* for defendants.

HOLT, Judge, delivered the following opinion:

February 9th, 1885, the firm of Patxot, Castello, & Company acknowledged in writing an indebtedness to the firm of

Aynard & Ruffer, of £4,500 sterling, or 22,500 pesos, and also such additional sum as might appear owing from the then pending liquidation of accounts between the two firms, not exceeding, however, £500. To secure payment the debtors gave to the creditors a mortgage of that date on the coffee plantation, called "Fe," of 350 acres, and which was duly recorded.

By its terms £3,000 of the indebtedness were payable in April, 1885, and the balance which might be found due, in May, 1885; and if the payments were not made by May 31st, 1885, the mortgaged premises were to be forfeited. It also stipulated for £100 more, to pay any interest and costs of judicial claim.

The complainants, A. Ruffer & Sons, as the successors of Aynard & Ruffer, became the owners of all their assets, including this debt.

All of it not having been paid, suit was brought for foreclosure; and while it was pending, and on July 6th, 1893, the complainants made an agreement in writing with Agustin Castello, of the late firm of Patxot, Castello, & Company, and as its liquidator, and which is known in this suit as the "transaction deed," by which the parties agreed upon the amount then due upon said mortgage debt, to wit, £2,267 and 18s. This agreement recognized A. Ruffer & Sons as the successors of Aynard & Ruffer; also their right to this mortgage debt and their right to enforce it; and further stipulated that the costs of the suit, which was to be dismissed, to wit, £209 and 15s, should be a part of the debt, which was to bear 5 per cent interest. It was expressly stated in this writing that it was not to modify the mortgage, and it was to remain in full force. This writing could not, of course, affect interested third parties. It was not recorded. Mortgage Law of Porto Rico, arts. 144, 389.

It merely amounted, however, to an agreement between the

Ruffer v. Patxot.

creditor and debtor as to the amount owing upon the mortgage. This suit by the complainants, A. Ruffer & Sons, is against said firm of Patxot, Castello, & Company, which was composed of Emilio Patxot and Agustin Castello, and said Castello as liquidator of said firm, to enforce said mortgage debt as to the amount yet owing, which is alleged to be £2,900 and 5s.

J. Tornabells & Company, Bravo & Company, Arturo Bravo, Adolfo Camps, and Josefa Camps are also named defendants, it being averred they claim some interest in the mortgage premises; but if they have any, the same is inferior to the mortgage lien of the complainants.

Certain pleas were filed, but either withdrawn or overruled for insufficiency.

The defendant Castello answered, setting up various payments and averring that the complainants' debt is fully paid. This answer is not verified, and is traversed by the complainants. There is no evidence in support of it upon the part of the defendants. In fact it appears that the alleged credits were given when the debt was reduced to £2,267 and 18s, save a credit of £500 of September 5th, 1895, and one of £520, 16s, and 8d of July 3d, 1896.

Tornabells & Company filed an answer averring that merely from information the complainants' debt had been fully paid; that they had no knowledge, save from complainants' bill, that complainants were the owners of the mortgage debt; that they had a mortgage on the same premises for 6,190 pesos, given by said Castello as liquidator, and they ask to be dismissed.

The defendants, Bravo & Company, set up a mortgage debt of May 23d, 1894, created by Castello as liquidator, and which, it is therein recited, is subject to one in favor of Josefa Camps, one to Concepcion Castello, one to José Maizo, and one to Arturo Bravo.

Ruffer v. Patxot.

Josefa Camps and Arturo Bravo, however, unite in this mortgage, and agree that the Bravo & Company mortgage is to have priority over their mortgages. It appears Arturo Bravo became the owner of the Camps mortgage, and in his answer he not only asserts it, but also another mortgage to himself; but his answer expressly admits the mortgage to Aynard & Ruffer of February 9th, 1885, and the mortgage to Bravo & Company also recognizes it, and that the complainants, A. Ruffer & Sons, have succeeded to it.

This cause is now on final hearing upon the complainants' bill and its exhibits; the answer of Castello as liquidator of the firm of Patxot, Castello, & Company; the answer of Tornabells & Company; the replications thereto; and the answers of Bravo & Company and Arturo Bravo. The record shows that all of the claims asserted are subsequent to the mortgage of Aynard & Ruffer, and the question presented is, What sum is owing upon it?

It is suggested that there can be no final decree for the complainants, as Emilio Patxot, of the firm of Patxot, Castello, & Company, is not before the court. Process issued against him, but he was not found; and it may, perhaps, be presumed that he is beyond the jurisdiction of the court. In any event this objection has not been made by plea or otherwise in the record. The defendant Agustin Castello represents the interest of the firm. He is its liquidator. Rule 9 of this court provides that service of process may be had upon a partnership by service upon a member of it; and the service upon Castello brought the firm into court as to the adjudication of its firm property, but of course there can be no personal judgment against Patxot.

As already stated, the "transaction deed" of July 6th, 1893, provided for the payment of £209 and 15s costs in the former suit; but this could not be made a part of the mortgage debt as

Ruffer v. Patxot.

to third parties, inasmuch as the writing was not recorded, and, moreover, some of the mortgages of some of the defendants were prior to said agreement. Two payments were, however, made to the complainants subsequent thereto, and it is equitable that sufficient thereof should be applied to the payment of said costs to satisfy the same.

If, when a debtor makes a partial payment, he does not direct upon which of two debts it is to be applied, the creditor may by the common law apply it as he sees proper. Alexandria v. Patten, 4 Cranch, 317, 2 L. ed. 633.

By the civil law, in case of no direction by the debtor, it is to be applied to the debt most onerous to the debtor. In this instance, however, by agreement between the parties, the costs became equally a debt with the mortgage debt.

The mortgage sued upon is a contract created and to be fulfilled in Porto Rico, and relates to real estate in Porto Rico. It is to be construed and governed by the *lex rei sitœ*. Under the mortgage law of Porto Rico, a mortgage to secure an interest paying debt can only, as to third parties, carry interest for a limited time; and the stipulation therefor and amount must appear in the record. Mortgage Law of Porto Rico, arts. 114, 145.

The mortgage, however, in this case expressly stipulates for the payment of £100, or $484, as the interest and costs in case of suit. The parties stipulate what the interest shall be; and, in such an event, art. 1108 of the Civil Code of Porto Rico provides that this shall control, and no more shall be allowed. Walton, Civil Law, § 1108.

It is the rule of both the common and civil law that payments must first be applied to the payment of interest, and, guided by the rules stated, the mortgage debt of the complainants is to be estimated thus: By taking the £2,267 and 18s, or $10,-

Ruffer v. Patxot.

973.15, and counting interest thereon at 5 per cent from June 30th, 1891, to September 5th, 1895, when the payment of that date was made, and which is a period of four years, two months, and five days, and which interest amounts to $2,292.13. This does not exceed the payment then made. This interest is, therefore, added to the principal, making $13,265.28. From this is to be deducted the payment of £500 or $2,420, leaving a balance of $10,845.28. Interest is to be counted on this sum, as the next payment exceeds it, from September 5th, 1895, to July 3d, 1896, a period of nine months and twenty-eight days, amounting of $444.08, which, added to the $10,845.28, makes $11,289.36. The payment of £520, 16s, and 8d, or $2,520.83, is to be taken from this, less, however, the £209 and 15s, or $1,012.28, of costs, leaving as a credit to be deducted $1,508.55, which deducted from the $11,289.36 leaves $9,780.81, to which is to be added the £100, or $484, which the parties to the mortgage agreed should be the amount of the interest and costs, making a total of $10,264.81; for which sum the complainants have a prior lien, by virtue of their mortgage, upon the premises described in the bill, and they are hereby adjudged the right to a proper judgment enforcing the same for said sum, together with a personal judgment therefor against the defendant, Agustin Castello. A claim is also asserted in the bill for $1,048.75, for solicitors' fees and expenses. It is not apparent upon what this claim is based and it is not allowed. A judgment will be prepared conforming to this opinion.