**LEIDECKER TOOL CO. v. LASTER et al.**

**No. 175.**

Circuit Court of Appeals, Tenth Circuit.

March 21, 1930.

Robert B. Keenan, of Tulsa, Okl., for appellant.

Woodson E. Norvell, of Tulsa, Okl. (T. L. Brown, of Tulsa, Okl., on the brief), for appellees.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

After verdict and judgment against it for $3,463.85, the appellant filed an unverified motion to set aside the verdict and remand the cause to the state court on the sole ground that the principal amount sued for was $2,900.28, with interest in the sum of $447.28. ▮ The suit was filed in the state court; the appellant removed it, and, in its petition for removal, swore that "the matter in controversy in this case exceeds, exclusive of interest and costs, the sum of $3,000.00." Nevertheless, if the record discloses the amount in controversy does not exceed $3,000, exclusive of interest and costs, there is no jurisdiction; and jurisdiction cannot be conferred by consent or waiver. M. C. & L. M. Railway Co. v. Swan, 111 U. S. 379, 4 S. Ct. 510, 28 L. Ed. 462; Ayers v. Watson, 113 U. S. 594, 5 S. Ct. 641, 28 L. Ed. 1093; Cameron v. Hodges, 127 U. S. 322, 8 S. Ct. 1154, 32 L. Ed. 132; Martin v. Baltimore & Ohio Railroad, 151 U. S. 673, 14 S. Ct. 533, 38 L. Ed. 311; Minnesota v. Northern Securities Co., 194 U. S. 48, 24 S. Ct. 598, 48 L. Ed. 870; Thomas v. Board of Trustees, 195 U. S. 207, 25 S. Ct. 24, 49 L. Ed. 160; Perez v. Fernandez, 202 U. S. 80, 26 S. Ct. 561, 50 L. Ed. 942; Chicago, B. & Q. Ry. Co. v. Willard, 220 U. S. 413, 31 S. Ct. 460, 55 L. Ed. 521.

▮ The only question presented by this record is whether the petition alleges a principal debt of more than $3,000. The allegations are that on December 1, 1926, the defendant was indebted to the plaintiffs in the principal sum of $5,000, for goods sold and delivered. The petition alleges various payments thereon, at various times, totaling $2,099.72. The appellant contends these payments should have been applied to the principal, although it concedes that, in the absence of direction by the debtor, the creditor may make application. Nat. Bank, etc., v. Mechanics' Nat. Bank, 94 U. S. 437, 24 L. Ed. 176; Alexandria v. Patten, 4 Cranch, 317, 2 L. Ed. 633; Field v. Holland, 6 Cranch, 8, 3 L. Ed. 136; 21 R. C. L. 95; 30 Cyc. 1235. It further contends that in the absence of an agreement to pay interest, interest is recoverable only as damages. The Oklahoma statute provides that for breach of an obligation to pay money only, there shall be recovered "the amount due by the terms of the obligation, with interest thereon." Section 5977, C. O. S. 1921. Moreover, the petition alleges that, "in accordance with said contract, sale and delivery the defendants paid to the plaintiffs the sum of $500, leaving a balance of $4,800." This is a direct allegation that the plaintiffs, in accordance with the contract, applied $300 to interest and $200 to principal. After alleging other payments, and similar applications to interest accrued, with the balance on principal, the petition alleges a balance due on November 29, 1927, of $3,314.92, for which sum, with interest, recovery is sought.

It clearly appears that plaintiffs claimed the defendant was indebted to them, on the date of the filing of the suit, in a principal amount in excess of $3,000. The judgment is therefore affirmed.