[COMMON LAW.]

TAYLOE v. T. & S. SANDIFORD.

In general, a sum of money in gross, to be paid for the non-performance
of an agreement, is considered as a *penalty*, and not as *liquidated da-
mages.*

*A fortiori*, when it is expressly reserved as a penalty.

Thus, where in a building contract, the following covenant was con-
tained : "The said houses to be completely finished on or before the

24th of December next, under a penalty of 1000 dollars, in case of failure;" it was held, that this was not intended as liquidated damages tor the breach of that single covenant only, but applied to all the covenants made by the same party in that agreement; that it was in the nature of a penalty, and could not be set off in an action brought by the party to recover the price of the work;

An agreement to perform certain work within a limited time, under a certain penalty, is not to be construed as liquidating the damages which the party is to pay for the breach of his covenant.

The case of *Fletcher* v. *Dycke,* 2 *Term Rep.* 32. commented on, and distinguished from the present.

A person owing money under distinct contracts, has a right to apply his payments to whichever debt he may choose, and this power may be exercised without any express direction given at the time.

A direction may be evidenced by circumstances, as well as by words: and a positive refusal to pay one debt, and an acknowledgment of another, with a delivery of the sum due upon it, would be such a circumstance.

*Feb. 5th.*

THIS cause was argued by Mr. *Jones,* and Mr. *Hay,*[a] for the plaintiff in error, and by Mr. *Key*[b] for the defendants in error.

*Feb. 12th.*

Mr. Chief Justice MARSHALL delivered the opinion of the Court.

This is a writ of error to a judgment of the Circuit Court of the county of Alexandria, rendered in an action of assumpsit, brought by T. & S. Sandiford against John Tayloe. It appeared on the trial of the cause, that on the 13th of May, 1816, the parties entered into a written contract, by

[a] They cited 2 *Comyn on Contracts,* 528—539, and the cases there collected. Fletcher v. Dycke, 2 *T. R.* 32.

[b] He cited 4 *Cranch,* 317. 6 *Cranch,* 9. Dennis v. Cummins, 3 *Johns. Cas.* 297. Smith v. Dickenson, 3 *Bos. & Pul.* 630. Bank of Columbia v. Patterson, 7 *Cranch,* 299.

which the defendants in error undertook to build for the plaintiff three houses on the Pennsylvania avenue in the city of Washington. On the 18th day of the same month, the parties entered into a contract, under seal, for the building of three additional houses, at a stipulated price. This contract contains the following covenant: "The said houses to be completely finished on or before the 24th day of December next, under a penalty of one thousand dollars, in case of failure."

The parties entered into a third verbal contract for some additional work, to be measured, and paid for according to measurement.

These three houses were not completed by the day, and the plaintiff in error claimed the sum of 1,000 dollars, as stipulated damages, and retained it out of the money due to the defendants in error. This suit was, thereupon, brought; and, on the trial of the cause, the defendant in the Circuit Court claimed to set off in this action 1,000 dollars, as in the nature of stipulated damages; but the Court overruled this claim, and decided that the said sum of 1,000 dollars had been received in the nature of a penalty, and could not be set off in this action.

The defendant then moved the Court to instruct the jury, that "upon the evidence offered, if believed, the plaintiffs were not entitled to recover in this action the said sum of 1,000 dollars, inasmuch as the same, if due at all, was due under a contract under seal, and that the declarations of the defendant, and the understanding between the parties as to the reservation of the said 1,000 dollars, given in evi-

1822.

Tayloe
—
Sandiford.

dence as aforesaid, was competent and sufficient evidence of the defendants' intention to apply his payment to the extinguishment, in the first instance, of such parts of the said moneys as were due by simple contract, and to reserve the 1,000 dollars out of the money due under the said original contract." This instruction the Court refused to give; and did instruct the jury " that it was competent to the plaintiffs to recover the said 1,000 dollars in this action, unless they should be satisfied by the evidence that the defendant, at the time of paying the money, had expressly directed the same, or a sufficient part thereof, to the payment of the 1,500 dollars due on the simple contract."

To both these opinions the defendant excepted; and the jury having given a verdict for the plaintiff in the Circuit Court, this writ of error was brought to the judgment rendered thereon.

It is contended, by the plaintiff in error, that the Circuit Court erred.

1st. In overruling the claim to off-set the 1,000 dollars mentioned in the agreement.

2d. In declaring that the plaintiff in that Court might so apply the payments made, as to discharge the contract under seal, and leave the sum retained by the defendant in that Court, to be demanded under the simple contract.

1. Is the sum of 1,000 dollars mentioned in the agreement of the 13th of May, to be considered as a penalty, or as stipulated damages?

The words of the reservation are, " The said house to be completely finished on or before the 24th day

of December next, under the penalty of 1,000 dollars, in case of failure."

In general, a sum of money in gross, to be paid for the non-performance of an agreement, is considered as a penalty, the legal operation of which is, to cover the damages which the party, in whose favour the stipulation is made, may have sustained from the breach of contract by the opposite party. It will not of course be considered as liquidated damages; and it will be incumbent on the party who claims them as such, to show that they were so considered by the contracting parties. Much stronger is the inference in favour of it's being a penalty, when it is expressly reserved as one. The parties themselves denominate it a penalty; and it would require very strong evidence to authorize the Court to say that their own words do not express their own intention. These writings appear to have been drawn on great deliberation; and no slight conjecture would justify the Court in saying that the parties were mistaken in the import of the terms they have employed.

The counsel for the plaintiff in error supposes, that the contract furnishes clear evidence that the parties intended this sum as liquidated damages. The circumstance, that it is annexed to the single covenant, stipulating the time when the work shall be completed, is considered as showing that it was intended to fix the damages, for the breach of that covenant.

Without deciding on the weight to which this argument would be entitled, if supported by the fact, the court cannot admit that it is so supported. The engagement, that the said houses shall be complete-

ly finished on or before the 24th day of December next, is as much an engagement for the manner, as for the time of finishing the work, and covers, we think, all the covenants made by the defendants in error in that agreement. The case, therefore, presents the single question, whether an agreement to perform certain work by a limited time, under a certain penalty, is to be construed as liquidating the damages which the party is to pay for a breach of his covenant. This question seems to have been decided in the case of *Smith* v. *Dickenson*, reported in 3 *Bos. & Pull.* 630.

The plaintiff in error relies on the case of *Fletcher* v. *Dycke*, reported in 2 *T. R.* 32., in which an agreement was entered into to do certain work within a certain time, and if the work should not be done within the time specified, " to forfeit and pay the sum of 10*l.* for every week," until it should be completed.

But the words " to forfeit and pay," are not so strongly indicative of a stipulation in the nature of a penalty, as the word "penalty" itself; and the agreement to pay a specified sum weekly during the failure of the party to perform the work, partakes much more of the character of liquidated damages than the reservation of a sum in gross.

The Court is well satisfied that this stipulation is in the nature of a penalty, and, consequently, that there was no error in rejecting it as a set-off in this case.[a]

a This subject is discussed, with his usual ability and acuteness, by Mr. EVANS, in the Appendix to his Translation of *Pothier on Obligations*, (Vol. 2. p. 93 –98.) He thinks that the

The second objection goes entirely to the form of the action. The declaration is in assumpsit; and the plaintiff contends that the money claimed was due on a sealed instrument. It is admitted that all the money for the whole work performed by the defendants in error was paid, except the sum of 1,000 dollars, which was retained by the plaintiff in error, expressly on account of that sum which he supposed himself entitled to under the contract of the 18th of May, on account of the failure to complete the buildings by the 24th of December. If this money was due on the simple contract, then this action was clearly sustainable; if it was due under the sealed instrument, then it could be recovered only by an action on that instrument. It's being due on the one or the other depends on the application of the payments made by the plaintiff to the defendants in error. The Court instructed the jury, that it was competent to the plaintiff to recover the said 1,000

penalty ought, in general, to be regarded as stated damages; and his observations are calculated to excite doubts as to the correctness of some of the decisions on this subject. In addition to the cases collected by him, and those cited in the argument of the above case, in the text, (*Tayloe* v. *Sandiford*,) the following cases may be referred to. Ponsonby v. Adams, 6 *Bro. Parl. Cas.* 418. Harrison v. Wright, 13 *East*, 343. Rolfe v. Peterson, 6 *Bro. Parl. Cas.* 470. Sloman v. Walter, 1 *Bro. Ch. Rep.* 418. Hardy v. Martin, *Ib.* 419. Lowe v. Peers, 4 *Burr.* 2229. Cotterel v. Hook, *Doug.* 101. Wilbeam v. Ashton, 1 *Campb. N. P. Rep.* 78. Barton v. Glover, 1 *Holt's N. P. Rep.* 43. The learned reader will also find the supposed result of all the English cases summed up by Mr. *Holt*, in a note to the last mentioned case. 1 *Holt's N. P. Rep.* 45.

1822.

Tayloe
v.
Sandiford.

dollars in this action, " unless they should be satisfied by the evidence that the defendant, at the time of paying the money had *expressly* directed the same, or a sufficient part thereof, should be applied to the extinguishment of the 1,500 dollars due on the simple contract."

This instruction of the Court is given in terms, the correctness of which cannot be entirely admitted. It would exclude an application of the money made by the creditor himself, with the assent of the debtor to the simple contract debt; for, in such case, it would not appear that the debtor had " *expressly* directed" the application.

Thus, among the accounts exhibited at the trial, is a receipt for the whole sum due for extra work performed under a verbal contract. It was not proved that the application of this money to the discharge of the verbal contract was " expressly directed." Yet no person will say that the creditor was at liberty to controvert this application, or to change it.

A person owing money under distinct contracts has undoubtedly a right to apply his payments to whichever debt he may choose ; and, although prudence might suggest an express direction of the application of his payments at the time of their being made ; yet there may be cases in which this power would be completely exercised without any *express* direction given at the time. A direction may be evidenced by circumstances as well as by words. A payment may be attended by circumstances which demonstrate its application as completely as words could demonstrate it. A positive refusal to pay one

debt, and an acknowledgment of another, with a delivery of the sum due upon it would, we think, be such a circumstance. The inquiry, then, in this case, will be, whether the payments made by the plaintiff, to the defendants in error, were accompanied with circumstances which amount to an exercise of his power to apply them.

A circumstance of no light import was given in evidence by the creditor himself. It was that, at the time of discharging the account for the extra work, the debtor confessed "that he had retained in his hands 1,000 dollars, as the forfeiture under the original contract for not finishing the houses in the time stipulated by contract, and that he would hold it, unless compelled by law to pay it." This 1,000 dollars was the penalty stipulated in the agreement under seal; and when all the residue of the money was paid, the inference is very strong, that this sum was reserved out of the money stipulated by the same agreement, and that the payments were made in discharge of the sums acknowledged to be due for other work.

The final payment was made by Tayloe, through the hands of a third person. His original purpose seems to have been, to insist on a receipt in full before he would pay the sum, which remained due, independent of the sum in contest. But on a representation of the peculiar pressure under which the Sandifords laboured, they having a note in bank, which had become due, he agreed to pay the whole money due, under all the contracts, except the sum of 1000 dollars, which he claimed a right to retain,

under the stipulation of the sealed instrument. There existed no objection, to the payment of the money due, under the simple contract. The whole objection was to the payment of that under the sealed instrument, out of which he claimed a right to deduct 1000 dollars, on account of a failure in the performance of that contract. Under these circumstances, we think that the money retained must be considered as reserved out of the sum due on that contract, and that the simple contract was discharged.

The court erred then in this direction to the jury, and the judgment must be reversed and the cause remanded for a new trial.

CERTIFICATE.—This cause came on to be heard, on the transcript of the record of the Circuit Court for the District of Columbia, in the county of Washington, and was argued by counsel. On consideration whereof, it is the opinion of this Court, that the said Circuit Court erred in instructing the jury, " that it was competent to the plaintiff to recover the said 1000 dollars, in this action, unless they should be satisfied by the evidence, that the defendant, at the time of paying the money, had *expressly* directed the same, or a sufficient part thereof, to be applied to the extinguishment of the 1,500 dollars, due on simple contract."

It is therefore ADJUDGED and ORDERED, that the judgment of the said Circuit Court, in this case be, and the same is hereby reversed and annulled, and it is further ORDERED, that the said cause be remanded to the said Circuit Court, with directions to issue a *venire facias de novo.*