ZINNS MANUFACTURING COMPANY, Respondent, vs. MENDELSON and others, Appellants.

*November 20 — December 11, 1894.*

*Sale of goods on commission: Bond of salesman: Liability of sureties: Application of payments.*

1. M. made a contract to sell certain goods for plaintiff on commission, and gave a bond for faithful performance. He then owed plaintiff a certain amount on account of previous sales. Afterwards payments exceeding that amount were made generally on account, but at the close of the business there was still a balance due from M. In an action upon the bond it is *held* that the indebtedness at the date of the contract had been extinguished, and that the final balance was within the undertaking of the sureties.

2. The liability of the sureties is *held* to extend to goods furnished for M. to one T., in whose name M. carried on a branch of his business, but not to include sums paid by plaintiff for decorating a booth at an exposition at which T. sold the goods, such decorating having been done by direction of T. without the knowledge of M.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

The action is to recover $255.30, balance of account for certain goods delivered by the plaintiff to the defendant *Michael I. Mendelson,* to be sold on commission. The plaintiff was engaged in the manufacture and sale of what were known as "Rosa sadirons." The defendant *Michael I. Mendelson* entered into a written contract with the plaintiff to

sell said Rosa sadirons on commission. The other defendants, jointly with *Michael I. Mendelson*, executed a bond to the plaintiff to secure the faithful performance of his contract by *Michael I. Mendelson*. This was done June 22, 1889. At the close of the business, November 2, 1889, the plaintiff's books showed the account of *Michael I. Mendelson* to stand: Debits, $879.72; credits, $624.42; balance due plaintiff, $255.30. To recover this balance this action is brought.

The account, of which this sum is the balance, includes several contested items, as follows: $209.18, which was due to the plaintiff from *Michael I. Mendelson* at the time of the execution of the bond, arising out of previous sales of sadirons. During the time of the exposition in Milwaukee, *Michael I. Mendelson* had kept a booth in the Exposition Building for exhibition and sale of the Rosa sadirons. This branch of the business was, for convenience, carried on under the name and personal supervision of L. C. Todell, who had some business relations with *Michael I. Mendelson* for this purpose. On account of this branch of the business there was a balance due the plaintiff of $111.54. Also, the plaintiff had paid Brown, Harper & Bros. for painting a banner for the booth in the Exposition Building, and for painting the booth, $23.18, and had paid W. V. Davis for work on the booth $8.50, and for goods sent to Todell, for his office, $15.13. The contention is upon the allowance of these items.

The trial was by a referee. The referee allowed all the items. The court confirmed his report, and rendered judgment for the plaintiff for the full amount of its claim. From this judgment the defendants have appealed.

For the appellants there was a brief by *Williams & May*, and oral argument by *A. B. May*.

For the respondent there was a brief signed by *W. J. Turner*, of counsel, and *Turner & Timlin*, attorneys, and oral argument by *Mr. Turner*.

NEWMAN, J. The contention of the defendants in regard to the item of $209.18, due at the date of the bond, is that it is not within their undertaking; that they made themselves responsible for *Michael I. Mendelson's* performance after the date of the bond, only. That is, in effect, conceded by the plaintiff. But it avoids the effect of defendants' contention by saying, in effect, that this is the earliest item in a running open account, and has long since been extinguished by payments made by the defendants generally on the account and applied to the extinguishment of the earliest items of the account by the plaintiff. So that this item, as such, is no part of the indebtedness included in the balance of $255.30. And this seems to be an ample answer to defendants' contention; for it is well settled that where the debtor makes payment generally on account, and does not direct any particular application of it, the creditor may apply it. In general, he may apply it as shall be most to his interest. 18 Am. & Eng. Ency. of Law, 239. In case of a running open account, the creditor may apply the payments according to priority of time, so that the first item on the credit side shall go to discharge or reduce the first item on the debit side. If neither party has made application of the payments, the court will apply them in that way. Id. 249; *Hannan v. Engelmann*, 49 Wis. 278.

The item $111.54, sometimes called the "exposition account," was properly an item of plaintiff's account with *Michael I. Mendelson*. It was really, as between him and the plaintiff, his business. It was for his convenience only, in keeping the account of his own business, that the account was kept in the name of Todell. So, also, the item $15.13, for goods sent to the office of Todell. The goods seem to have been sent for *Mendelson*, and to have been used in his business. They were sadirons.

The items $23.18, paid to Brown, Harper & Bros., and $8.50, paid to Davis for painting and decorating the booth

in the Exposition Building, seem to stand on a different foot-
ing. They were for matters which were not within the
terms of the undertaking of the sureties. They were not
extinguished, by any permissible application, by later credits
upon the account. It is doubtful if *Mendelson* himself is
chargeable with them. They were made in his absence, and
without his knowledge, by direction of Todell. Whether or
not he is liable, his sureties are not liable for these expendi-
tures. The liability of sureties is *strictissimi juris*. It is
not to be enlarged by construction beyond the plain purport
of the words of the contract.

*By the Court.*— The judgment of the circuit court is re-
versed, and the cause remanded with directions to enter
judgment for the plaintiff in accordance with this opinion.