JOHN LENZEN v. JOHN A. MILLER.

FILED JUNE 3, 1897.   No. 7334.

Verdict for Liquidated Damages: ERROR: NEW TRIAL. In an action for liquidated damages, where the verdict is excessive and it is evident that the error in assessing the damages arose from a misconception of the evidence, which probably affected the determination of the other issues, a new trial will be awarded instead of permitting a remittitur of the excess.

ERROR from the district court of Clay county. Tried below before HASTINGS, J. *Reversed.*

*Leslie G. Hurd,* for plaintiff in error.

*C. L. Richards, S. W. Christy*, and *Stewart & Munger*, contra.

IRVINE, C.

Miller sued Lenzen on three promissory notes executed on January 17, 1876, each for $500 and each bearing interest at ten per cent per annum. He recovered judgment for $3,704.11. Miller seeks to reverse this judgment.

The plaintiff, in his petition, evidently for the purpose of avoiding the statute of limitations, pleads, or undertakes to plead, six small payments on each note. These payments amount in the aggregate to $790. The verdict was rendered November 16, 1893. An assignment in the motion for a new trial, preserved in the petition in error and in the briefs, is that the verdict was excessive. It clearly was. The amount of the notes, calculating the interest at ten per cent, would be at the date of verdict a trifle less than $4,175. The plaintiff admits payments of $790, which would render the highest amount recoverable $3,385, each payment being at such a time and for such an amount as not to discharge the interest then due. Ordinarily an error of this character might be cured, at the election of the plaintiff, by permitting a remittitur to be filed, but in this case we think such a course would be unjust to the defendant. The petition sets out each note, and after the copy contains an averment similar to the following: "Said note bears the following indorsements: $50, May 15, 1879;  *  *  *  $50, May 8, 1889," and then proceeds: "No part of said note has been paid except the amounts above set forth, which appear indorsed upon the same." This was probably a sufficient averment to toll the statute in the absence of an attack on the petition by motion or demurrer, but it certainly lacks much in certainty in the way of alleging a part payment to take the case out of the statute. The answer, in addition to a defense not insisted on at the

trial, alleged that the defendant owed the plaintiff on a book account, and sent him several sums of money at different times, with directions to apply the same on said account, and that on reading plaintiff's petition the defendant for the first time learned that said money had been applied on said notes. The issue thus framed was that on which the verdict must have turned. We cannot find in the evidence any basis for distinguishing among the various payments and applying some to the notes and others to the book account. The jury evidently drew such a distinction, and applied sufficient payments to the notes to avoid the bar of the statute, and applied sufficient to the other account to show a determination in defendant's favor of the fact of the existence of such an account, —one of the disputed points,—and at the same time to deprive the defendant of the credit on the notes to which he would have been entitled had the issues been found altogether against him. On this state of facts we think that there was such an erroneous determination in one way or the other of the issues of fact that a new trial should be awarded.

REVERSED AND REMANDED.