JOHN LENZEN v. JOHN A. MILLER.

FILED DECEMBER 21, 1897.   No. 7334.

1. **Payment: APPLICATION.** Where a debtor remits money to his creditor without a request or instruction on what particular debt to apply the same, the creditor may apply the money upon any debt of his debtor which he chooses.

2. **Action on Notes: EXCESSIVE VERDICT: REMITTITUR.** Verdict of the jury *held* to be excessive and remittitur ordered.

REHEARING of case reported in 51 Neb. 855. *Judgment below held excessive, and remittitur ordered.*

*Leslie G. Hurd,* for plaintiff in error.

*C. L. Richards, S. W. Christy,* and *Stewart & Munger, contra.*

RAGAN, C.

This is a rehearing of *Lenzen v. Miller,* 51 Neb. 855. Of the arguments relied on here for reversing the judgment of the district court, we shall notice only two,—that the verdict is not sustained by sufficient evidence, and the

amount awarded by the jury to the plaintiff below is excessive.

1. This suit was brought by Miller against Lenzen to recover on three promissory notes bearing date January 17, 1876. The defense of Lenzen, so far as material here, was the statute of limitations. Miller claimed in avoidance of this defense that Lenzen had paid him various sums of money on these notes from the year 1879 to 1891, both inclusive, part of which money so paid had been indorsed on the notes and the last indorsement made within five years before the suit was brought. Lenzen's answer to this was that the moneys remitted by him to Miller were so remitted with instructions by him to Miller to apply the remittances on an account which he owed Miller, and had owed him since the year 1866. Miller's rejoinder to this was that at no time did Lenzen ever instruct him, Miller, that the moneys remitted were to be applied on the account and in fact gave him no instructions at all, and that as Lenzen owed him an account, and also owed him the notes, he applied the moneys received from Lenzen on the notes in suit. This statement serves to illustrate the theory upon which the case was presented to the jury. The finding of the jury in favor of Miller embraces a finding that Lenzen did not direct Miller on what debt to apply any remittances of money made to him; and this is the finding which plaintiff in error insists is not supported by the evidence. We think it is. Miller testified positively that from the year 1879 to 1891, both inclusive, Lenzen remitted him by checks and drafts, and sometimes by private parties, various sums of money, aggregating $1,330; that at no time did Lenzen ever direct, advise, or request him, Miller, to credit the remittances made to him upon any particular debt owing to Miller by Lenzen. Lenzen, while on the stand in his own behalf, failed to testify that he ever at any time directed or instructed Miller to apply the remittances of money made to him on the account owing to him; but he did

testify that, as he was owing him an account, he made the remittances to him that he did for the purpose of having them applied on the account; that, as a matter of fact, he had forgotten the existence of the notes. Here then is sufficient evidence to sustain the finding of the jury that the remittances or payments of money made to Miller by Lenzen were so made without instructions as to where Miller should apply them, and, as the remittances were so made, Miller might apply them as he pleased,—either upon the notes or the account of Lenzen.

We understand the rule to be that, where a debtor remits money to his creditor without request or instruction on what particular debt to apply the same, the creditor may apply the remittances upon any debt of his debtor which he chooses. (*State v. Hill,* 47 Neb. 456; *Crane v. Keck,* 35 Neb. 683.) But if the evidence in the bill of exceptions was not sufficient to sustain the finding of the jury under consideration, we would probably be unable to disturb that finding for the reason that the bill of exceptions discloses that the deposition of one Christie was read to the jury on behalf of Miller, and this deposition is not in the bill of exceptions brought here. It is said in *Storz v. Finkelstein,* 48 Neb. 27, that this court would not weigh the evidence to ascertain if it sustained a verdict when the bill of exceptions discloses that a deposition introduced in evidence and read upon the trial had been omitted therefrom.

2. Defendant in error has offered to file a remittitur from the judgment, and on this offer we have looked into the bill of exceptions solely for the purpose of ascertaining how much such a remittitur should be on defendant in error's testimony alone, and we now proceed to inquire. The principal of the three notes sued on is $1,500. Computing simple interest at 10 per cent per annum on these notes from their date, January 17, 1876, to November 8, 1893,—the first day of the term of court at which the judgment at bar was rendered,—we find the

time to be 17 years 9 months and 21 days, and the interest $2,671.25, or a total of $4,171.25. Miller testified on the stand in behalf of himself that from 1879 to 1891, both inclusive, he had received from Lenzen $1,330 to apply on these notes; that when he received the payments from Lenzen he entered them in an account-book, and, at his convenience, thereafter he indorsed the payments on the notes in suit; that he never received any instructions from Lenzen to apply any of these payments on his account; that the moneys remitted to him by Lenzen were remitted to him for the purpose of being applied upon the notes; and Miller does not testify that he ever applied one cent of the $1,330 received from Lenzen upon the account owing to him by Lenzen. For some reason, not disclosed by the record, Miller indorsed on these notes $790 only of the moneys received from Lenzen. He did indorse or attempt to indorse $375 of the moneys on a note which Lenzen owed his, Miller's, wife. What disposition Miller made of the remaining $165 is not disclosed by the record; but we think that Miller must be charged with the full amount of money which he admits and swears Lenzen remitted to him, which he received, and which he says was remitted to him to be applied upon the notes. This $1,330 with interest amounts to $2,194.80, which, deducted from the principal and interest of the notes in suit, leaves $1,976.45; but the verdict was for $3,704.11, or $1,727.66 too much. The defendants in error may, within thirty days from this date, and as of the date of the judgment, remit $1,727.66 therefrom, and, if they do so, the judgment of the district court for the remainder will be affirmed. If not, the judgment will be reversed and the cause remanded.

JUDGMENT ACCORDINGLY.