STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, AP-PELLEE, v. SECURITY STATE BANK OF EDDYVILLE: F. J. CLEARY, RECEIVER, APPELLEE: J. J. MUTCHIE, CLAIMANT, APPELLANT.

FILED MARCH 7, 1928. No. 25459.

*John A. Miller* and *E. L. Randall,* for appellant.

*C. M. Skiles* and *Horth, Cleary & Suhr, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and HOWELL, JJ., and BROADY, District Judge.

GOOD, J.

This case arises out of the failure of the Security State Bank of Eddyville, Nebraska, hereinafter called the bank. At the time of its failure J. J. Mutchie, a stockholder in

the bank, owned nine certificates of deposit, aggregating $2,317.78, and also had to his credit in open account in the bank $1,528.35. He filed claims for these several items and asked that they be allowed as preferred and decreed payable from the depositor's guaranty fund.

The receiver filed objections to the allowance of the claims, and averred that the several items represented loans made by claimant to the bank, for the purpose of replenishing its depleted reserves, and that they were without the protection of the guaranty fund. He also set up, as a set-off to any amount due the claimant, a promissory note for $1,200, executed by claimant to the bank. Claimant replied, denying that any of his claims represented loans. to or for the benefit of the bank, and averred that the promissory note in question was obtained by fraud and without any consideration, and denied liability thereon. The trial court found that the several certificates of deposit represented *bona fide* deposits, within the protection of the guaranty fund, but that $547.80 of the open account represented a loan made by claimant to the bank, and was without the protection of the guaranty fund, and further found that claimant was liable to the bank on the promissory note for the full amount thereof, and that it should be set off as against the amount found due claimant. Claimant alone appeals.

Two questions are presented for determination: (1) Does any part of the open account represent money placed in the bank in lieu of or for the purpose of effecting a loan to the bank? (2) Was claimant liable upon his promissory note to the bank?

It appears without dispute that in February, 1923, and for some time prior thereto, the bank had been in financial distress, and its reserve was greatly depleted. The department of trade and commerce was insisting that the officers and stockholders of the bank should raise an additional sum of money to replenish its reserve. At this time a number of the stockholders raised money in different ways and placed the amount on deposit in the bank, thereby re-

plenishing its reserve. Claimant at this time owned a farm which was mortgaged for $2,600. He made a new mortgage for $3,500 upon the farm and received as the net proceeds thereof $3,325, which on February 21 was placed to the credit of his account, and a few days later $2,756 of this amount was checked out to pay and satisfy the previously existing mortgage which was then due. On the 21st day of February there was also placed to the credit of claimant's account in the bank the further sum of $100, making the total deposit for that day $3,425. Where the $100 came from is uncertain. It appears that on the same day the expense account of the bank was charged $100, and it seems to be the contention of the receiver that this $100 represented an attorney's fee or commission for securing the $3,500 loan to the claimant, and that the bank paid the expense thereof. The evidence upon this point is not very clear, but claimant has practically consented to waive any claim on account of the $100. Leaving out of the account the $100 item, there was to the credit of claimant in the bank on the 21st day of February, after the deposit for the new loan had been made, the sum of $3,697.22. Thereafter claimant made other deposits from time to time in the usual course of business. These deposits aggregated $1,445.44. Subsequent to February 21, 1923, money was withdrawn from the account by checks at various times, amounting in the aggregate to $3,731.41. It thus appears that after the deposit of the $3,325, which the court found to be a loan to the bank, there was withdrawn from the bank and paid out a sum in excess of the balance which claimant then had in the bank, including this loan.

It is a familiar rule that, when a debtor makes payments on a running account, where neither he nor his creditor makes a particular application of the payments, the law will apply them to the first items in the debt. *Mueller Furnace Co. v. Burkhart*, 149 Minn. 68; *Ganley v. City of Pipestone*, 154 Minn. 193; *Zinns Mfg. Co. v. Mendelson*, 89 Wis. 133. The rule is stated in 21 R. C. L. 103, sec. 109, in the following language: "In the absence of an

agreement or instruction to the contrary, payments should be applied to the extinguishment of those items or claims which are earliest in point of time, unless justice and equity demand a different appropriation." This court, in making application of this rule, in *Howells State Bank v. Hekrdle*, 113 Neb. 561, holds that, in determining how much credit has been exhausted in a bank account, "the rule to be applied is that, as checks are paid, the amounts thereof are to be charged against the oldest item of such credit." Applying this rule to the instant case, it is found that, by reason of the cashing of his checks drawn thereon, all the items up to and including that representing the $3,325 deposit had been entirely extinguished. It follows that the loan item in claimant's open account had been entirely eliminated therefrom, and all that remained of his open account represented *bona fide* deposits made in the usual and ordinary course of business. The full amount of this account, as found by the court, to wit, $1,428.35, together with interest thereon, as provided by law, should have been adjudged entitled to preference and payable from the guaranty fund.

The transaction concerning the giving of the note by claimant to the bank was identical with that set forth in *State v. Security State Bank, ante,* p. 521. No consideration was given for this note and it should not have been set off against the amount found due claimant.

It follows that the judgment of the district court should be, and is, reversed, and the cause remanded, with directions to allow the claim, based on open account, to the amount of $1,428.35, and interest thereon as provided by law; this amount to be entitled to a preference and decreed to be payable from the depositors' guaranty fund, and the set-off, by reason of the promissory note of claimant, to be wholly disallowed.

REVERSED.