ANTON A. TRESNAK, APPELLANT, V. JOHN J. PAULSEN ET AL., APPELLEES.

FILED NOVEMBER 24, 1931. No. 27950.

*Fay H. Pollock,* for appellant.

*Davis, Hendrickson & Davis* and *John Gross, contra.*

Heard before ROSE, GOOD, DAY and PAINE, JJ., and BEGLEY, District Judge.

BEGLEY, District Judge.

Action to foreclose seven assignments of interest amortization instalments on a mortgage held by the Federal Land Bank of Omaha, Nebraska, and assigned to the Surety National Farm Loan Association, and by it in turn assigned to the Dodge Agricultural Credit Association, which association claimed the right to these amortization instalments by subrogation.

Defendant, John J. Paulsen, and wife, mortgagees, filed an answer and allege that they furnished the money by which these amortization interest instalments were made and that same should not have been assigned and denied right of subrogation. The reply was a plea of ratification. The trial court dismissed plaintiff's petition and the plaintiff has appealed.

The evidence discloses that defendant, John J. Paulsen, prior to December 5, 1923, was the owner of 232 acres of land in Wayne county, Nebraska, and negotiated a Federal Land Bank mortgage loan thereon of $19,000; same being an amortized loan upon which semiannual instalments of $617.50 became due on February 1 and August 1 of each

year, commencing August 1, 1924. These instalments included interest and a payment upon the principal. At the time of securing this mortgage loan, the First National Bank of Wayne held a first mortgage lien on the premises for the sum of $9,500, but released its lien and refiled same to permit the Federal Land Bank loan to become a first lien. The First National Bank of Wayne, by cross-petition, asked a foreclosure of its lien, which was granted by the trial court and same held to be a first lien on the premises.

After the commencement of this suit the Dodge Agricultural Credit Association was declared a bankrupt and Anton A. Tresnak, trustee, was substituted as plaintiff.

Under the Federal Farm Loan Act, the Federal Land Bank is impowered to make first farm loan mortgages through Farm Loan Associations, organized thereunder, and this loan was negotiated through the Surety National Farm Loan Association, and said association in writing guaranteed the payment of the note both as to principal and interest. Under the law, these associations cannot make second or third farm loan mortgages or chattel mortgage loans, but such loans can be made by Agricultural Credit Associations, provided for in the Federal Farm Loan Act. The same set of officers and directors which represented the Surety National Farm Loan Association organized the Dodge Agricultural Credit Association as a separate corporation entity to care for this class of loans.

At the time of making the Federal Land Bank mortgage, Paulsen needed additional funds, and borrowed from the Dodge Agricultural Credit Association approximately $5,500, giving his note and chattel mortgage security therefor. He afterwards renewed his chattel mortgage and notes, and from time to time borrowed other money, giving notes and mortgages therefor in different amounts. Paulsen made his payments in rather irregular amounts to John H. Roper, who was managing officer of both last two named associations. Roper credited the amounts paid to the indebtedness of the Dodge Agricultural Credit Association and mailed a check from the Surety National

Farm Loan Association to the Federal Land Bank in payment of the instalments due on the Paulsen mortgage in accordance with its guarantee, and took back from the Federal Land Bank these amortization assignments to said association for the same, and same were duly recorded against Paulsen's land. Paulsen had knowledge of these transactions and in writing authorized the assignment to be made to the Dodge Agricultural Credit Association for the payments of August 1, 1925, and February 1, 1926. In 1927 the Surety National Farm Loan Association in writing assigned four of these assignments, then held by it, to the Dodge Agricultural Credit Association, which gave Paulsen credit for the same on his chattel indebtedness and returned to him his notes and chattels of that value. Paulsen accepted such credits upon his notes and chattels and gave a renewal note for the increased amount. Thereafter the Dodge Agricultural Credit Association for a valuable consideration sold and transferred Paulsen's said indebtedness to the West Point National Bank, which now holds the same. Thereafter the Dodge Agricultural Credit Association advanced the money for payment of three more interest instalments and the same were in like manner assigned to it without any payment being made therefor by Paulsen.

Paulsen now contends that he expressly directed Roper to apply the money paid on his Federal Land Bank mortgage indebtedness and that Roper disobeyed instructions by crediting same to the chattel mortgage indebtedness. The record discloses that only on two instalments was such direction given, and these are not claimed as assignments by the plaintiff. On all the assignments that credit was given Paulsen on his chattel indebtedness, he accepted the same and has not offered to return the money thus received. Paulsen also claims that there are some dividends due him which are not accounted for, but James R. Hanson, an expert accountant, testified that he had examined the books of appellant association and that all money had been accounted for and full credit given on appellees' chattel indebtedness and that no fraud was discovered on the books of the association.

Where no direction is given by a debtor for the application of payments, a creditor may apply payments where he desires. *Lenzen v. Miller,* 53 Neb. 137. If the debtor has given specific direction as to where to apply the payments, the creditor is in duty bound to apply the payments in accordance with such direction, unless the debtor, with full knowledge of all the facts, adopts the transaction and accepts the benefits of such payment without complaining. 2 C.J. 696; 48 C.J. 654; 21 R.C.L. 89, sec. 94; *Johnston v. Milwaukee & Wyoming Investment Co.,* 49 Neb. 68.

In this case Paulsen, with knowledge that his payments were credited on his debt to the Dodge Agricultural Credit Association and not on his real estate mortgage instalments, by accepting the benefits of these credits over a period of years, renewing his chattel mortgage less the credits, with knowledge for several years that amortization instalments were being taken for liens upon his real estate, and by his acts and conduct over a period of several years without objection or complaint, until the the Dodge Agricultural Credit Association had sold his chattel mortgage as so reduced, and parted with all security he had given it, thereby acquiesced in the application of the payments and the taking of amortization liens, ratified same, and became estopped to deny the propriety of the application of his payments or to deny plaintiff's liens on his real estate for the instalments.

The appellant, by taking these assignments with the knowledge and in one instance under the express written direction of the appellee Paulsen, and allowing the credit to be made on Paulsen's chattel indebtedness, is entitled to be subrogated to the payment of said instalments and is entitled to a foreclosure of same as a first lien. The appellee, First National Bank of Wayne, having only a lien subject to the Federal Land Bank, is entitled to a second lien and cannot complain of the priority of the appellant's lien.

The decree of the district court is therefore reversed and the cause remanded, with directions to enter a decree of

foreclosure, awarding the appellant a first lien upon the premises described, as prayed for in the petition, and awarding the First National Bank of Wayne a second lien upon said premises.

REVERSED.