34

J. W. Fox, APPELLEE, v. WALTER CARMAN ET AL., APPELLANTS.
296 N. W. 343

FILED FEBRUARY 7, 1941. No. 30946.

*O. A. Drake,* for appellants.

*Dryden, Dryden & Jensen, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

This is a suit on a promissory note. The case was tried to the court, jury having been waived. The judgment was in favor of plaintiff, appellee here, and against defendants, appellants here. The defendants appealed to this court for a reversal of the judgment of the district court.

On September 13, 1932, the appellants executed and delivered to appellee a certain promissory note for $125 with interest at 8 per cent. per annum after maturity. The note by its terms matured September 1, 1933. The note was given for rent owing by appellant Carman to the appellee. For some period during the year 1933, by agreement of the parties, appellee placed some calves in the pasture on the land occupied by appellant Carman, for which pasturage he was to pay Carman. Appellee contended that no agree-

ment was arrived at as to the value of the pasturage until January 17, 1934, when the amount of $5 was agreed upon. On January 17, 1934, appellee held notes of appellant other than the one in question here. On that date the notes appear to have been at the bank in Litchfield, but a short time thereafter the notes were, or at least this one was, turned over to one G. A. Engleman by appellee. Appellee testified that on January 17, 1934, when the amount of $5 was agreed on for the pasturage, appellant Carman instructed him to give him credit for the amount on his notes without designating any particular note on which the credit was to be given. Appellee testified further that on January 17, 1934, he neglected to enter the credit, but that two or three weeks later he directed G. A. Engleman, his agent, to indorse the credit of $5 on the note in suit as of January 17, 1934. Appellants in their answer filed a general denial and pleaded the statute of limitations. The appellant Carman in his evidence denied the agreement as to pasturage and also that he had directed a credit on his notes or on any note. He asserted that settlement for pasturage had been made long prior to January 17, 1934.

This suit was commenced on January 15, 1939, and service of process had on January 17, 1939, the last day of the five-year period following the claimed payment or credit of $5 on the note in question. If payment was in fact made, then action of appellee was in time and the defense of the statute of limitations is not available to appellants. This proposition must be resolved in favor of the appellee. The question was one of fact and is controlled by the often expressed rule that, in a law action tried to the court, its findings of fact have the same effect as findings of the jury, and cannot be set aside unless clearly wrong. *In re Estate of Wotke*, 133 Neb. 739, 277 N. W. 45; *Hole v. Hamp*, 134 Neb. 259, 278 N. W. 480; *Carter v. Parsons*, 136 Neb. 515, 286 N. W. 696. From an examination of the entire evidence we cannot say that the findings of the court were wrong.

Under the same rule we cannot say that the court was wrong in finding that the settlement was made on January

17, 1934, and that appellant Carman directed a credit on his notes without designating any note on which the settlement was credited.

The rule that, where no specific direction is given by a debtor as to the application of a credit, the same may be applied by the creditor on any indebtedness owing by the debtor to the creditor is applicable in this case. *Lenzen v. Miller*, 53 Neb. 137, 73 N. W. 460; *Lau v. Blomberg*, 3 Neb. (Unof.) 124, 91 N. W. 206; *State v. Security State Bank*, 116 Neb. 526, 218 N. W. 407.

It is therefore determined that the judgment of the district court should be and it is affirmed.

AFFIRMED.