**1819.**

Fowke
vs
Bowie

———————

**December.**

**FOWKE vs. BOWIE.**

*Where the defendant, both in his own right and as administrator, was indebted to the plaintiff, to whom he made partial payments, and the question was, in what way those payments were to be applied?—Held, that a debtor, standing in the situation of the defendant, has the right, when he pays money, to apply the payment either to the debt due in his own right, or to the one due in auter droit; and whether he made any and what application, was a question of fact upon the evidence solely cognizable by the jury.*

APPEAL from *Charles* County Court. *Assumpsit.* One count for sundry matters properly chargeable in account, and another count for use and occupation of a farm by one *Aquila Franklin,* &c. The general issue pleaded. At the trial the plaintiff, (now appellant,) proved by a competent witness, that in the year 1815 he called upon the defendant, (the appellee,) and shewed him the following account:

"                                             **Dr. To *Margery Fowke.***

| | |
|---|---|
| To the rent of the tavern and lot at the *Hill Top,* for the year 1812, at £40 | £40 |
| To the rent of ditto ditto do. for the year 1813, at £40 | £40 |
| | £80 |

| Supra. | Cr. | |
|---|---|---|
| By an order in favour of *James Fowke* for | | £13 8 4 |
| By an order in favour of *Gusts. Brown* for | | £13 8 4 |
| By an order in favour of *Gerard Fowke* for | | £13 8 4 |
| Balance due | | £40 5 0" |

On the account was proof made by the plaintiff's affidavit of the justice of the claim, and also an affidavit made by *Gustavus Brown,* of the account's being just. The account was passed by the orphans court; which account

the defendant acknowledged to the witness was correct, and that he felt bound to pay the first year's rent, and offered assignments of judgments as payment. It was admitted also that the defendant was bound for the first year's rent in his individual character, and in his character as administrator for the second year's rent. Receipts were produced and in proof to shew the payment of one year's rent for the same sums, and paid to the same persons, as mentioned in the account proved. It was further in proof, that when the last receipt was executed the defendant settled the sum therein specified *as administrator*. There was no other proof to shew an election on the part of the defendant to apply the payments to the discharge of the debt due from him as administrator, or to the debt due in his own right. Upon the prayer of the defendant's counsel, the Court, [*Johnson*, Ch. J.] instructed the jury, that when the payments were made there was no election on the part of the defendant as to the application of the payments to the first or second year's rent, nor any evidence to shew an election on the part of the plaintiff as to the applications of the payments; and that the law in such case would make the election, and would apply the payments to the first year's rent, notwithstanding the evidence herein before mentioned. The plaintiff excepted; and the verdict and judgment being against her, she appealed to this court.

The cause was argued before BUCHANAN, MARTIN, and DORSEY, J. by

*Stone*, for the Appellant, and by
*Stonestreet*, for the Appellee.

DORSEY, J. delivered the opinion of the Court. It appears by the bill of exceptions that the defendant, both in his own right, and as administrator, was indebted to the plaintiff, to whom he made partial payments; and the question in controversy at the trial was, in what way those payments were to be applied? It is clear that a debtor, standing in the predicament of the defendant, has the right, when he pays money, to apply the payment either to the debt due in his own right, or to the one due in *auter droit;* and whether he made any, and what application, is a question of fact solely cognizable by the jury. There is evidence stated in the exception from which the jury might infer that the defendant applied the payment in his representative character. Whether this testimony was true or not, was a question solely for the consideration of the jury; and the court below erred, when they instructed the jury, that the defendant had not made any application of the payment. The judgment of the court below must be reversed.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.