JESSE MURPHY *vs.* JOHN P. WEBBER.

*Appropriation of payments.*

When a defendant is exonerated by the statute of frauds from liability upon his oral promise to pay for certain goods furnished by the plaintiff to a third person before a certain date and liable for those furnished afterwards, payments made by him on the orders of such third person, drawn, payable upon the account generally, without reference to the question of liability, may be applied by the creditor to the oldest item.

ON REPORT.

ASSUMPSIT to recover $190.75, balance of an account, the first item of which was "two bales of hay," delivered Nov. 1, 1869, to Albert Perkins. The plaintiff testified that, in the fall of 1869, Perkins sent to him for hay and grain which he declined to deliver unless some one else would become responsible for it; Perkins told him that Webber was going to give him an order, but that he (P.) left in such a hurry that he did not have time to stop for it, and Webber told him he could get his supplies of Murphy without an order, and that he (W.) would pay for them; that he would be up soon and make it all right with Murphy. Subsequently the plaintiff received from Webber the agreement or memorandum of Dec. 14, 1869, mentioned in the opinion. At its date Murphy had supplied Perkins with hay and grain to the value of $128.50 and other articles worth $64.08, and he afterwards furnished hay and grain to Perkins on Webber's credit and charged also for feeding two-horse teams thirty-one nights, $31.00. Upon this account Perkins paid about $60.00 and Dec. 24, 1869, Webber paid $50.00, and upon Perkins' order in favor of plaintiff $150.00, March 12, 1870. Between the 14th and the 24th of December, 1869, Murphy furnished about twenty dollars' worth of supplies to Perkins.

, If, upon this evidence, the action could be maintained it was to stand for trial; otherwise, the plaintiff was to be nonsuit.

*Charles P. Stetson*, for plaintiff.

*Albert W. Paine*, for defendant.

PETERS, J.   This action is to stand for trial if the evidence is sufficient to support the case for the plaintiff.

The plaintiff furnished hay and grain to one Perkins, for use in the woods, upon a representation of Perkins that the defendant would pay for the same.   No promise, or authority to make one, was contained in any writing until the defendant gave the plaintiff the following order:

"BANGOR, Dec. 14, 1869.

Whatever hay or grain Mr. Perkins may want for woods I will pay for it if he does not.                     Yours truly,

J. P. WEBBER."

The defendant, while admitting his liability for such articles as were delivered after the date of this writing and upon the strength of it, denies any liability for such as were delivered before that time upon the ground that the oral promise, if any, was in terms like the written one, and therefore collateral only and within the statute of frauds.   But, if so, still the action is maintainable. The error of the defendant consists in claiming that the sums received by the plaintiff upon his account shall be regarded as payment for hay and grain delivered after the date of the written promise instead of before that time.   The law does not require nor have the parties made any such appropriation.

There is nothing to show that the sums paid by the defendant were to be applied to the later rather than the earlier items, but the evidence shows the contrary expectation.   When the fifty dollars were paid less than half that sum was due for hay and grain delivered since the date of the written order, and there is nothing to indicate that any portion of such sum was a payment in advance of delivery.   The payment of the one hundred and

fifty dollars was made upon the order and on the account of Perkins, and not for the liability of the defendant, excepting that, according to the receipt given, it was to be applied " on account of hay and grain delivered said Perkins," but not upon hay and grain delivered after Dec. 14, 1869. If the sixty dollars paid by Perkins from money of his own be appropriated generally upon the account of the plaintiff, which contains items besides such as the defendant was responsible for, it will operate as a payment to the extent of about half of it for hay and grain. Now, applying the two hundred dollars paid by the defendant upon the earliest items for hay and grain, not paid for by the money of Perkins, and it will leave a valid claim against the defendant unpaid. Upon these facts the plaintiff has a right to apply the money received so as to first pay the first items in his account for the grain and hay, excluding the claim " for feeding two-horse teams thirty-one days, $31.00," as that would be rather a charge for horse keeping than the sale of hay. See *Thurlow* v. *Gilmore*, 40 Maine, 378. *Action to stand for trial.*

APPLETON, C. J.; CUTTING, WALTON, DICKERSON, and BARROWS, JJ., concurred.