WARREN BROWN *vs.* ROBERT BURNS.

Washington.   Decided October 24, 1877.

*Payment.*

In the absence of any agreement or understanding to the contrary, the items of an account annexed to a writ are not regarded as an entirety; and if the verdict includes no part of an illegal item, but is based wholly upon such as are legal, it will not be against law.

*Goodwin* v. *Clark*, 65 Maine, 280, affirmed.

The consent of the debtor once given to apply payments to an illegal item cannot be revoked by the defendant, after the application is so made, without the consent of the plaintiff.

*Phillips* v. *Moses*, 65 Maine, 70, affirmed.

ON MOTION of the defendant to set aside the verdict, which was for the plaintiff.

ASSUMPSIT on account annexed as follows:

ROBERT BURNS TO WARREN BROWN,   DR.

| | | | |
|---|---|---:|---:|
| Aug. 7, 1871. | To Balance due on settlement, | | $295.81 |
| 31, | Paid duties on Merchandise at St. Pierre, | | 17.55 |
| Sept. 22, | Freight on Cargo of Merchandise per Schooner Investigator from St. Pierre to Indian Island, N. B. Amount as per agreement, | | 400.00 |
| | Freight on 260 galls. liquors from St. Pierre to Indian Island, N. B., at 20 cents per gal., per agreement, | | 52.00 |
| | 1 Quintal Cod fish, | | 6.00 |
| | | | $771.36 |

CR.

| | | | |
|---|---|---:|---:|
| Aug. 30, 1871. | By draft on you, on account, | $226.00 | |
| Sept. 22, | Cash on account, | 25.00 | |
| Oct. 17, | Cash on account, | 205.82 | $456.82 |

| | |
|---:|---:|
| Balance due, | $314.54 |

The plea was the general issue, with a brief statement that the defendant paid the plaintiff all he owed him; that the plaintiff's claim was for intoxicating liquors and could not be recovered by law.

The plaintiff put in the following memorandum of settlement,

dated Eastport, August 7, 1871, which he testified was in defendant's handwriting:

| | | |
|---|---|---:|
| 78 Cases of Gin, | | $312.00 |
| 16 " " Brandy, | | 136.00 |
| 59½ gallons of Brandy, | | 148.75 |
| 37 " " Gin, | | 55.50 |
| 30 " " Rum, | | 45.00 |
| | | $697.25 |

CR.

| | | |
|---|---:|---:|
| By bill of goods, | $193.13 | |
| Cash, | 150.00 | |
| $52 in Gold, equal to | 58.31 | $401.44 |
| Balance due, | | $295.81 |

A. *McNichol*, for the defendant.

J. M. *Livermore*, for the plaintiff.

VIRGIN, J. The defendant contends that the verdict against him for $232 is against law and the weight of evidence.

Against law, for the reason that the first item in the account annexed, being for a balance due for intoxicating liquors sold in violation of law, is illegal. But in the absence of any agreement or understanding to the contrary, the items of the account are not to be regarded an entirety. The action is upon these items as so many distinct and independent demands of different natures and dates; and if the verdict include no part of the illegal item, but is based wholly upon the others, it cannot be held, on the ground claimed, to be against law. *Goodwin* v. *Clark*, 65 Maine, 280.

2. Against law and evidence, for the alleged reason that the three barrels of liquor left at the store of the defendant, at Indian Island, N. B., were never bought or paid for by him.

The plaintiff testified in substance that he sold and delivered to the defendant the ninety-four cases and three barrels of liquors specified in (the paper which he styles) "the memorandum of settlement," received the several items of credit mentioned therein in payment *pro tanto*, leaving a "balance due of $295.81," the first debit item in the account annexed. And to convince the

jury that the defendant expressly agreed to the sale and appropriation as there itemized, the plaintiff testified and the defendant admitted that the mem orandum was written by the defendant and delivered to the plaintiff as evidence of the standing of the account, at that time, between the parties. To be sure the defendant also testified : "Plaintiff said he was going on a voyage and might be lost, and he wanted me to make out a statement how the account would st and providing I had this additional liquor, to leave to his wife in case he was lost." But the proviso not being in the written statement, the jury considering the deliberate manner in which, and the avowed purpose for which, the memorandum was made, evidently relied upon it as containing the real truth both as to the unconditional character of the sale and the appropriations in part payment thereof. And if the defendant did purchase the liquors and consent that the goods and cash items mentioned in the memorandum should be appropriated in payment *pro tanto*, he cannot revoke the adjustment without the consent of the plaintiff. *Phillips* v. *Moses*, 65 Maine, 70.

The plaintiff also testified in substance that soon after the above named settlement, and just before starting upon a voyage to St. Pierre, he called upon the defendant for the balance of the account ; that the defendant said he was short and could not pay then, but that he would, and did honor a draft, during the month, for $226. This sum the plaintiff appropriated *pro tanto* in payment of the $295.81 "balance," and it is the first item of credit in the account annexed.

From the fact that the defendant agreed to, and did pay the draft when called upon to pay the balance of the account as it then stood ; that the only indebtment to which it could be applied was this balance ; that there is no intimation that either party intended it as a loan—these facts, together with the other settlement and former dealings of the parties, might well lead the jury to the conclusion that the defendant impliedly consented to the appropriation which the plaintiff made.

If the jury, therefore, had thrown out of the account the first item on each side of it—*i. e.* on the debit side, the $295.81, because so much as was not paid by the draft, was not recover-

able; and on the credit side the $226 because already appropriated in payment of the other item—and based their verdict on the balance of the remaining undisputed items, the verdict would be well grounded both in law and fact. *Phillips v. Moses,* 65 Maine, 70. But the verdict is in fact less than such balance; and being less, the defendant has no legal right to complain.

*Motion overruled.*

APPLETON, C. J., DICKERSON, DANFORTH, PETERS and LIBBEY, JJ., concurred.