## No. 6712.

### CITY OF NEW ORLEANS vs. J. B. PIGNIOLO AND M. POPOVICH.

The only evidence required to authorize a court to grant an order of seizure and sale, on certain promissory notes of the defendants, secured by a mortgage importing a confession of judgment, is a properly certified copy of the act of mortgage passed before a notary public and two legal witnesses, with the notes themselves paraphed by the notary, and identified with the act.

Where a debtor makes a part payment of a debt evidenced by his two mortgage notes, one of which is due, and the other not due, and the partial payment is receipted by the creditor across the face of the matured note, the payment will be imputed to that note. In such case an order of seizure and sale need not make any imputation of payment; nor need such an order fix the exact balance due a creditor to whom partial payments have been made.

On appeal from an order of seizure and sale this court will not consider the rights and obligations of the parties, growing out of another suit. On such an appeal but one question will be considered, and that is, was the evidence before the court below sufficient to authorize the order.

APPEAL from the Sixth District Court, parish of Orleans.  *Rightor*, J.

*B. F. Jonas*, City Attorney, for plaintiff and appellee.

*E. Bermudez*, for defendant.

The opinion of the court was delivered by

MARR, J.  This is an appeal from an order of seizure and sale.

Counsel for appellants, the mortgagors, has filed a brief, in which he admits, what is well settled in our jurisprudence, that the question on appeal in such cases is : Has the plaintiff submitted sufficient authentic

evidence in support of his demand? He insists, however, that this court must determine whether the lower court rendered such a decree as should have been rendered. He also urges that the prayer of the petition is vague, and does not state the capital claimed by plaintiff; and that there was an imputation of payment to be made, which should have been done by the judge in the judgment.

Counsel also call our attention to the fact that the city is a party to a suit now pending in this court, on application for rehearing, in which the title to the mortgaged property is involved; and he asks that we will, in that case, grant the defendants, the appellants in this case, the relief which they claim.

The petition for executory process in this case sets forth that the city is the holder and owner of two notes, drawn by appellants to their own order, and by them indorsed, both dated twenty-ninth June, 1872, each for $4176, one at three years, and one at four years, bearing interest at eight per cent *per annum* from date until final payment, secured by mortgage on certain land, described; and that the note at three years is entitled to a credit of $3200, paid on account of it on the twenty-eighth of July, 1875. The prayer is that a writ of seizure and sale issue, commanding the sheriff to seize and sell the property described, to pay and satisfy the claim on said notes in principal and interest, subject to the aforesaid credit, with five per cent attorney's fees, five dollars costs of copy of the act of mortgage, and costs of suit.

A certified copy of the act of sale, in which the mortgage is reserved and stipulated, passed before a notary and two witnesses, and the two notes, paraphed by the notary, and fully identified with the act, were filed with the petition. This evidence was all authentic: the act imports confession of judgment; the credit of $3200 is written across the face of the note at three years, in the form of a receipt acknowledging the payment of that amount, on the twenty-eighth of July, 1875, on account of that note; and the prayer of the petition is clear and appropriate.

The order of the court is: "Let a writ of seizure and sale issue in this case as prayed for according to law:" and this is the judgment appealed from.

There is no question of the imputation of payment. The note at four years did not mature until more than eleven months after the payment was made; and the imputation was expressly made to the note at three years, which had become due about a month before the payment was made.

It was a matter of mere calculation of the simplest kind, to ascertain the amount due in principal and interest, on the note at three years, up to the twenty-eighth of July, 1875, to deduct the credit of $3200, and thus to fix the balance bearing interest from that date. It was not the busi-

ness of the judge to make this calculation. In ordinary suits on promissory notes it is not unusual for judgment to be rendered for the face of the note sued on, subject to such credits as may have been admitted or proven on the trial; and no law requires the judge to deduct the credits, and to fix the balance.

We fail to discover any error or even irregularity in the proceedings in this case; and we can not inquire in this appeal, certainly we can not go out of the record to ascertain, what may be the relations, or rights and obligations of the parties dependent upon the final decision in another suit. The simple question is, whether the order of seizure and sale was granted on proper and sufficient evidence; and no fact or circumstance not appearing in the record can be considered in determining that question.

The appellee prays for the affirmance of the judgment, with damages. The appellants may have supposed that they had cause to complain, and to seek relief by appeal, although we find none in the record; and we shall not inflict damages upon them.

The judgment appealed from is affirmed, with costs.