## NICHOLS, SHEPHERD & Co. v. KNOWLES.

*(Circuit Court, D. Minnesota. June, 1881.)*

1. **APPLICATION OF VOLUNTARY PAYMENTS.**

     The rule as to voluntary payments is that the debtor may direct the application of such payments upon one of several debts due from him to the creditor.

2. **VOLUNTARY PAYMENT DEFINED.**

     A voluntary payment, within the meaning of this rule, is one made by the debtor on his own motion, and without any compulsory process. A payment made upon execution does not fall within the rule.

3. **CHATTEL MORTGAGE FORECLOSURE—STATUTE OF MINNESOTA.**

     When, under the statute of Minnesota, a chattel mortgage is placed in the hands of the sheriff, with orders to seize and sell the mortgaged property for the purpose of paying the mortgage debt, the sale is made by virtue of legal proceedings, and the proceeds of the sale are in no sense voluntary payments, the application of which the debtor is authorized to direct.

4. **SAME—APPLICATION OF PROCEEDS.**

     Where the mortgage foreclosed does not direct how the proceeds of the sale of the mortgaged property shall be applied, and there are no circumstances from which it can be inferred that a *pro rata* application was intended by the parties, and some of the notes are secured by the indorsement of a third party as well as by the chattel mortgage, from which it would be inferred that the parties intended to apply the proceeds of the sale of the mortgaged property first to the notes not otherwise secured, so as to give the creditor the full benefit of all of his security, the creditor will have the right to apply the proceeds to the payment of any of the debts secured by the mortgage.

Action on Promissory Notes.

*John W. Willis,* for plaintiff.

*C. D. O'Brien* and *J. C. M. Searles,* for defendant.

McCRARY, J. The rule as to voluntary payments is that the debtor may direct the application of such payments upon one of several debts due from him to the creditor. *Tayloe* v. *Sandiford,* 7 Wheat. 13. Does this rule apply to the present case? A voluntary payment, within the meaning of this rule, is one made by the debtor on his own motion, and without any compulsory process. A payment made upon execution does not fall within the rule. When, under the statute of Minnesota, a chattel mortgage is placed in the hands of the sheriff, with orders to seize and sell the mortgaged property for the purpose of paying the mortgage debt, the sale is made by virtue of legal proceedings, and the proceeds of the sale are in no sense voluntary payments, the application of which the debtor is authorized to direct.

If the debtor could not direct the application of the payments, could the creditor? It is strongly urged by counsel for defendant that neither party could direct a particular application, and that the law will apply the proceeds of the sale *pro rata* upon all the notes. Inasmuch, however, as the mortgage does not direct how the proceeds of the sale of the mortgaged property shall be applied, and since there are no circumstances from which it can be inferred that

a *pro rata* application was intended by the parties, I hold that the creditor had the right to apply the proceeds to the payment of any of the debts secured by the mortgage. *Gaston* v. *Barney,* 11 Ohio St. 506. This view is much strengthened by the fact that some of the notes were secured by the indorsement of a third party as well as by the chattel mortgage, from which it may be inferred that the parties intended to apply the proceeds of the sale of mortgaged property first to the notes not otherwise secured, so as to give the creditor the full benefit of all his security. *Stamford Bank* v. *Benedict,* 15 Conn. 437; *Martin* v. *Pope,* 6 Ala. 532; *Mathews* v. *Switzler,* 46 Mo. 301; *Field* v. *Holland,* 6 Cranch, 8; *Schuelenburg* v. *Martin,* 1 McCrary, 348; [S. C. 2 FED. REP. 747.]

Judgment for plaintiff.

---

The rule as to the application of voluntary payments is that the debtor or party paying the money may, if he chooses, direct its appropriation; if he fail, the right devolves upon the creditor; if he fail, the law will make the application according to its own notions of justice.[1] It is generally conceded that this doctrine has been borrowed from the civil law;[2] but this has been denied;[3] and, without doubt, in its application to particular cases by the courts in England and this country, the rules of the civil law have been much relaxed.[4]

The direction by the debtor as to how the payment shall be applied, need not be express, but may be inferred from circumstances;[5] but if he does not exercise his right to direct the application of the payment, and it is not fairly inferred from the circumstances under which the payment was made, the money paid becomes the absolute property of the creditor, and he may apply it as he chooses,[6] provided he does not, without the debtor's consent, appropriate the payment to an illegal or invalid claim,[7] such as a claim for usurious interest,[8] or liquor sold in violation of law,[9] or a note made without consideration to hinder and defraud creditors.[10] If, however, the debtor consent to the appropriation of the payment to an illegal item, he cannot revoke such consent;[11] nor will a court of equity, under such circumstances, withdraw a payment so

[1] U. S. v. Kirkpatrick, 9 Wheat. 720; U. S. v. January, 7 Cranch, 572; Field v. Holland, 6 Cranch, 8; U. S. v. Eckford, 1 How. 250; Jones v. U. S. 7 How. 684; Gordon v. Hobart, 2 Story, C. C. 243; Cremer v. Higginson, 1 Mason, 338; Mayor, etc., Alexandria v. Patten, 4 Cranch, 317; Nat. Bank v. Merchants' Nat. Bank, 94 U. S. 439; Stone v. Seymour. 15 Wend. 19; Pickering v. Day, 2 Del. Ch. 333; Youmans v. Heartt, 34 Mich. 401; Nat. Bank v. Bigler, 83 N. Y 53; Baker v. Stackpoole, 9 Cow. 420; Chester v. Wheelright, 15 Conn. 562; Washington Bank v. Presscott, 20 Pick. 343; Whitaker v. Groover, 54 Ga. 174; Jones v. Williams, 39 Wis. 300; Lee v. Early, 44 Md. 84; Bell v. Radcliff, 32 Ark. 645; Moore v. Kiff, 78 Pa. St. 97; Stewart v. Hopkins, 30 Ohio St. 502; Meggott v. Mills, 1 Ld. Raymond, 286; Simson v. Ingham, 2 Barn. & C. 65; Clayton's Case, 1 Mer. 586-610; Brooke v. Enderby, 2 Brod. & B. 70. See, generally, 2 Pars. Cont. 629-635; 2 Whart. Cont. §§ 923-934.

[2] Pattison v. Hull, (note,) 9 Cow. 773; STORY, J., in Gass v. Stinson, 3 Sumn. 110; Milliken v.

Tufts, 31 Me. 500. See, also, 3 Amer. Law Reg. 705; 1 Amer. Law Mag. 31.

[3] 1 Amer. Lead. Cas. *291-295.

[4] Moss v. Adams. 4 Ired. Eq. 42. Consult 1 Domat, B. 4, tit. 1, § 8; 1 Evans' Pothier, (3d Amer. Ed.) 422-429; Wood, Civil Law, 293; 2 Bell's Com. 535.

[5] Tayloe v. Sandiford, 7 Wheat. 13; Mayor, etc., v. Patten, 4 Cranch, 317; Sawyer v. Tappan, 14 N. H. 356; Fowke v. Bowie, 4 Har. & J. 566; Stone v. Seymour, 15 Wend. 19; Hanson v. Rounsavell, 74 Ill. 238.

[6] Nat. Bank v Bigler, 83 N. Y. 53; Cremer v. Higginson, 1 Mason, 323; 1 Amer. Lead. Cas. *294.

[7] Caldwell v. Wentworth, 14 N. H. 431; Ayer v. Hawkins, 19 Vt. 26; Bancroft v. Dumas, 21 Vt. 456; Rohan v. Hanson, 11 Cush. 44; Parchman v. McKinney, 12 Smedes & M. 631.

[8] Pickett v. Merchants' Nat. Bank, 32 Ark. 346.

[9] Phillips v. Moses, 65 Me. 70.

[10] McCausland v. Ralston, 12 Nev. 195.

[11] Brown v. Burns, 67 Me. 535.

made and actually applied.[1] After the right of appropriation has passed to the creditor, because of a failure on the part of the debtor to direct the appropriation to any specific account, the creditor need not obtain the consent of the debtor in appropriating it to any valid claim;[2] and he may even so apply it as to prevent some of the debts or items from being barred by the statute of limitations;[3] but he cannot apply it to a debt not due in preference to a debt actually due.[4] Where a creditor holds two claims—one in a representative capacity, as trustee or executor, and one in his individual capacity—he cannot apply a payment made by the debtor, without designating upon which account he pays it, to his individual claim in preference to the claim due him in his representative character.[5] Whether the creditor has actually made an appropriation of a payment to a particular account, and when, may be inferred from all the circumstances of the case;[6] and he may reserve his right to appropriate a payment to one of several accounts, until called upon by the debtor to make such appropriation; but, so far as the interests of third persons may be affected, he must act within a reasonable time.[7] Where, however, a creditor has made an appropriation of a payment to a particular debt, and so informed the debtor, he cannot afterwards change such appropriation, and apply it in satisfaction of another claim;[8] and neither of the parties can make the appropriation after a controversy upon the subject has arisen between them; and, *a fortiori*, not at the trial.[9]

Where neither debtor nor creditor makes the application, the law will make it, "according to its own notion of the intrinsic equity and justice of the case,"[10] and, as this depends so much upon the circumstances of each case, it is impossible to lay down any general rule; but the following propositions are settled: (1) The payment will be applied in satisfaction of the debt whose security is most precarious.[11] (2) To a debt secured by mortgage rather than to a simple account.[12] (3) In extinguishment of a certain rather than a contingent liability.[13] (4) To extinguish debts prior in time.[14] (5) To extinguish an existing debt, rather than one to become due.[15]

*St. Paul, Minn., August* 28, 1883 ROBERTSON HOWARD.

1 Feldman v. Gamble, 26 N. J. Eq. 494.

2 McLendon v. Frost, 57 Ga. 448.

3 Jackson v. Burke, 1 Dill. 311; Williams v. Griffith, 5 Mees. & W. 300; Waugh v. Cope, 6 Mees. & W. 824; Ashby v. James, 11 Mees. & W. 542; Murphy v. Webber, 61 Me. 478; Bancroft v. Dumas, 21 Vt. 456; Mills v. Fowkes, 5 Bing N. C. 453; Brown v. Burns, 67 Me. 535; Pond v Williams, 1 Gray, 630; Ramsay v. Warner, 97 Mass. 8 Compare Moniteau Bank v. Miller, 73 Mo. 187; Wood v. Wylds, 6 Eng. (Ark ) 754; Burn v. Boulton, 2 C. B. 476.

4 Bobe's Heirs v. Stickney, 36 Ala. 495 ; Kidder v. Norris, 18 N. H. 534.

5 Cole v. Trull, 9 Pick. 325; Scott v. Ray, '18 Pick. 361. See Fowke v. Bowie, 4 Har. & J. 5 6.

6 Shaw v. Picton, 4 Barn. & C. 716 ; Frazer v. Bunn, 8 Car. & P. 704; Williams v. Griffith, 5 Mees. & W. 300; Allen v. Culver, 3 Denio, 284; Brady's Adm'r v. Hill, 1 Mo. 315; Starrett v. Barber, 20 Me. 457.

7 Simson v. Ingham, 2 Barn. & C. 65; Seymour v. Marvin, 11 Barb. 80; Dorsey v. Wayman, 6 Gill, 59; Bosanquet v. Wray, 6 Taunt. 597; Mayor, etc., v. Patten, 4 Cranch, 317; and see Emery v. Tichout, 13 Vt. 15; Smith v. Loyd, 11 Leigh, 517; Stamford Bank v. Benedict, 15 Conn. 438; Heilbron v. Bissell, 1 Bail. Eq. 435.

8 Offutt v. King, 1 McArthur, 312; Page v. Patton, 5 Pet. 304; Cremer v. Higginson, 1 Mason, 337; Hilton v. Burley, 2 N. H. 193; McMaster v. Merrick, 41 Mich. 505; Seymour v. Marvin, 11 Barb. 80.

9 U. S. v. Kirkpatrick, 9 Wheat. 720; Nat. Bank v. Mechanics' Nat. Bank, 94 U. S. 437.

10 Cremer v. Higginson, 1 Mason, 338; Pickering v. Day, 2 Del. Ch. 333; Nat. Bank v Nat. Mechanics' Bank, 94 U. S. 437.

11 Field v. Holland, 6 Cranch, 8; Stamford Bank v. Benedict, 15 Conn. 437.

12 Pattison v. Hull, 9 Cow. 747; Gwinn v. Whitaker, 1 Har. & J. 754; Neal v. Allison, 50 Miss. 175.

13 Bank v. Rosevelt, 9 Cow. 409; Portland Bank v. Brown, 22 Me. 295.

14 Smith v. Loyd, 11 Leigh, 512; Pierce v. Knight, 31 Vt. 701; Fairchild v. Holly, 10 Conn. 175; Pickering v. Day, 2 Del. Ch. 333; Truscott v. King, 6 N. Y. 147; Jones v. Kilgore, 2 Rich, Eq. (S. C.) 66 Jones v. U. S. 7 How. 692; Emery v. Tichout, 13 Vt. 29; Leef v. Goodwin, Taney, 462; U. S. v. Kirkpatrick, 9 Wheat. 720.

15 New Orleans v. Pigniolo, 29 La. Ann. 835 ; Thomas v. Kelsey, 30 Barb. 273; Baker v. Stackpoole, 9 Cow. 420.