SIMON WILSON, Respondent, v. EVERETT BURTON, Appellant.

Kansas City Court of Appeals, December 1, 1902.

Trespass: INCLOSURE: STATUTORY CONSTRUCTION. Under section 4573, Revised Statutes 1899, in order to recover for opening and leaving open a fence, it must be shown that the fence constituted an inclosure, since the object of the statute is to preserve the integrity of the owner's inclosure so that he might restrain his own animals and keep out other stock, and so protect his crops.

Appeal from Daviess Circuit Court.—*Hon. J. W. Alexander,* Judge.

REVERSED AND REMANDED.

*Hicklin, Leopard & Hicklin,* for appellant.

(1) The judgment can not stand for the reason that the land alleged to have been inclosed was not and is not cultivated land as alleged to be so in plaintiff's statement. Sec. 4573 R. S. 1899. (2) Plaintiff's action is not within the spirit or meaning of said section 4573.

*Eads & Pickell* and *Chas. A. Loomis,* for respondent.

(1) Where the abstract of the appellant does not contain all of the evidence offered at the trial, the appellate court will not consider the sufficiency of the evidence, nor whether there was or was not any evidence on any given fact. Carpenter v. McDavitt, 66 Mo. App. 1; Oglegay v. College of Dental Surgery, 71 Mo. App. 339; Davis v. Vories, 141 Mo. 234; State v. Fritterer, 65 Mo. 422. (2) The appellate court has no constitutional power to, and will not, pass on the weight of conflicting evidence in an action at law where the case was tried by the court sitting as a jury. Blanton v. Dole, 109 Mo. 64; State ex rel v. Stead, 143 Mo. 248; Sutter v. Raeder, 149 Mo. 297; James v. Hicks, 76 Mo. App. 108; Rice v. McClure, 74 Mo. App. 383. (3) Instructions numbered one, two, three and four, which were refused by the court, were properly refused.

BROADDUS, J.—This is an action under section 4573 Revised Statutes to recover damages for the voluntary act of the defendant in throwing down and leaving down plaintiff's fence.

The evidence tended to show that the plaintiff, in order to prevent defendant from using a certain passway which he claimed by right of prescription, leased from the owner a certain parcel of land and had either completed or about completed its inclosure with a wire fence when the defendant cut the wires that constituted said fence and left them down, thereby leaving an opening therein. The case was tried before the judge without the intervention of a jury and a finding was had for the plaintiff for one dollar damages, which was doubled and to which was added the statutory penalty of five dollars. Defendant appealed.

The action of the trial court is not properly subject to challenge except in one particular, viz.: In refusing defendant's instruction to the effect that, if the fence at the time it was cut and left down by defendant did not fully inclose the leased premises the plaintiff was not entitled to recover. The theory upon which the case was tried, judging by said refused in-

struction, was that it was immaterial whether said fence was a part of a complete inclosure or otherwise.

The section under which the suit was prosecuted in part is as follows: "If any person shall voluntarily throw down or open any bars, gates, or fences, and leave the same open or down, other than those that lead into his own inclosure," etc.; and it is a pertinent inquiry in construing said section to ascertain why the Legislature made the leaving of such bars, gates and fences open or down a part of the offense if the object was not to preserve intact the owner's inclosure. It seems to us that if there was no inclosure the offense would have been as complete without it as with it, if the only object was to give damages to the injured and impose a penalty on the wrongdoer. But we believe the object was to preserve the integrity of the owner's inclosure so that he might restrain his own animals and keep out those of strangers, and thus prevent the destruction of crops. As a matter of fact, there could be little or no damage to the owner in merely leaving down an opening or in leaving an open gate in a fence unless such constituted an inclosure that would restrain or keep out animals. And the language used, "other than those that lead into his own inclosure" must be construed as qualifying and explaining the prior word "fences." If not, there was no necessity whatever for the use of the word for it would have answered just as well to have said "other than his own fences, doors, bars or gates."

It seems that it was not the intention of the Legislature to protect owners' fences as such, but his close, the ulterior object being to enable him to restrain his own stock and protect his crops from depredation by those of strangers. The only question before the court was whether there was an inclosure. Cause reversed and remanded. All concur.