SAMUEL  SPERRY, Appellant, v.  JAMES HURD, et al., Respondents.

Kansas City Court of Appeals, April 6, 1908.

1. TRESPASS: Fencing and Inclosures: Devil's Lane: Evidence. Held on the evidence that plaintiff's method of closing a "devil's lane" by nailing strips to a post on his land so that they reached within a few inches of defendant's fence together with other gaps in his fence, showed that he had no inclosure such as is contemplated by the trespass statute.

2. ——: ——: Division Fence.  Held, further, the plaintiff's case cannot be helped by the statute relating to partition fences.

Appeal from DeKalb Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*Platt Hubbell* and *George Hubbell* for appellant.

(1)   The order granting the new trial will not be sustained on any ground except the grounds particularly designated.  Bradley v. Reppell, 133 Mo. 545, 1 Mo. Am. Stat. sec. 801, and notes; Ittner v. Hughes, 133 Mo. 679, 689; Chitty v. Railroad, 148 Mo. 75; McCarty v. Hotel Co., 144 Mo. 402; M'cManamee v. Railroad, 135 Mo. 447; Breeden v. Mining Co., 103 Mo. App. 179.   (3) This cause was properly submitted to the jury, under the pleadings and evidence.  Wilson v. Burton, 96 Mo. App. 686.

*Hewitt & Hewitt* for respondent.

(1)   The verdict on each count is against the law; under the plaintiff's own statement on cross-examination, *i. e.,* that he at no time had a fence from where the hedge ceased to grow down to the corner post, a distance of about 100 or 120 yards, but depended on defendants' post and wire fence for the enclosure.  R. S. 1899, sec. 4573; Wilson v. Burton, 96 Mo. App. 686, 687.   (2) The verdict on counts 2, 3, 4, 5 and 6 are against the evidence for the reason that plaintiff testified that he let the fence remain down from April 27 to September 1. Therefore if he was damaged in the months of May and thereafter, it was by his own contributory negligence. He cannot violate his duty and recover  for damages which he might have prevented.  Authorities supra.

ELLISON, J.—This is an action in trespass  in which plaintiff recovered judgment in the trial court. Afterwards that court sustained defendants' motion for a new trial and from that order plaintiff prosecutes this appeal.  The action is based on section 4573, Revised Statutes 1899, which reads as follows: "If any per-

son shall voluntarily throw down or open any doors, bars, gates or fences, and leave the same open or down, other than those that lead into his own enclosure, or shall voluntarily throw down, open or remove any partition fence, without giving six months' written notice to the person owning the adjoining fields, if they are cultivated lands, he shall pay to the party injured the sum of five dollars, and double the amount of damages he shall sustain by reason of such doors, bars, gates and fences having been thrown down or opened, with costs."

The trial court concluded that the evidence did not make a case under the statute and that was among the reasons for setting aside the verdict. In that view we are of the opinion the court was right.

The evidence discloses that plaintiff did not have an enclosure. He owned a tract of land adjoining and north of defendants. There was a dispute between them as to the division line which seemed to prevent them having a single partition fence. The defendant built a fence on the north side of his tract, but within his line, which formed what the parties designate as "the devil's lane." At the west end of this fence of defendant he turned it a little north so as to join to plaintiff's fence. On the other hand, at or towards the east end of the "lane," plaintiff nailed the ends of slats to a post set on his own land so that they stuck out near to but not touching defendant's "devil's lane" fence. Plaintiff's fence did not extend across his tract, there being a space or break of perhaps as much as one hundred yards.

It seems clear to us that the facts do not present a condition, or make out a situation, justifying an action under the statute. The plaintiff did not have an enclosure. [Wilson v. Burton, 96 Mo. App. 686.] We agree with plaintiff that the statute should receive a reasonable construction, but we do not think it suficiently elastic to cover the case shown.

130 App.—32

The case is not helped by the suggestion that the statute embraces the opening or removal of partition fences and that defendant's fence operated as a partition. It does forbid such act "without giving six months' written notice to the person owning the adjoining fields." But the case is not founded on that portion of the statute.

The judgment will be affirmed. All concur.