LESTER T. BLACKWELL, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 17, 1909.

1. **PASSENGER CARRIERS: Negligence: Evidence: Jury.** Evidence relating to an injury of a passenger by reason of a worn plank in the platform, causing his ankle to give way, and throwing him from the car, is reviewed, and held sufficient to send the case to the jury.

2. ———: ———: **Instruction.** Instruction held to formally submit the case so as not to prejudice the defendant.

3. ———: ———: **Personal Injury: Verdict: Appellate Practice.** A verdict is held not so excessive as to justify interference therewith.

4. ———: ———: **Conduct of Counsel: Bills of Exceptions: Appellate Practice.** Matters transpiring during the trial between the court and counsel, should be set forth in the bill of exception, and merely putting them in a motion for new trial does not prove them, nor may they be shown by affidavits, and unless stated affirmatively in the bill, they cannot be noticed on appeal.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

AFFIRMED.

*John H. Lucas, Ben. F. White* and *C. L. Botsford* for appellant.

(1) There was an entire failure of proof on the part of the plaintiff and the ruling of the court overruling defendant's demurrer to plaintiff's evidence was error, but as defendant introduced evidence in defense we refer this court to the entire evidence in the case and make the point that the evidence wholly fails to prove plaintiff's cause of action, and defendant's demurrer to the evidence at the close of all the evidence and request to instruct the jury to find a verdict for the defendant should have been sustained and it was error in the court to overrule the same. Hite v. Railroad, 130 Mo. 132; Dougherty v. Railroad, 81 Mo. 325. (2) On the last demurrer this court will review the evidence taken as a whole. Hilz v. Railroad, 101 Mo. 36; Powell v. Railroad, 76 Mo. 80; Morgan v. Durfee, 69 Mo. 469; Cogan v. Railroad, 101 Mo. App. 179. (3) In any view of the case plaintiff was guilty of contributory negligence. The undisputed facts show that plaintiff placed himself at the edge of the platform in the outer doorway of the

moving car, with both of his hands holding bundles, some distance before the car was to stop, which position he could easily have avoided. Ross v. Railroad, 125 Mo. App. 614; Smith v. Railroad, 61 Mo. 588; Myers v. Railroad, 103 Mo. App. 268; Buesching v. St. Louis, 73 Mo. 219; Hilz v. Railroad, 101 Mo. 36; Callahane v. Warne, 40 Mo. 131; Kearney v. Lindell, 15 Mo. App. 576; Hogan v. Railroad, 150 Mo. 36; Holwerson v. Railroad, 157 Mo. 216; Zumault v. Railroad, 175 Mo. 288; Moore v. Railroad, 176 Mo. 528.   (4)   The jury had no right to capriciously and arbitrarily reject the testimony of the disinterested witnesses for the defendant. The verdict was against the great preponderance of the evidence.   Trott v. Wolfe, 35 Ill. App. 163; Smith v. Slocum, 62 Ill. 354; St. Paul F. & M. Co. v. Johnson, 77 Ill. 598; Carney v. Tully, 74 Ill. 375; Railroad v. Givens, 18 Ill. App. 404; Thompson v. Pioneer Press, 37 Minn. 385; Railroad v. Manley, 58 Ill. 300; McCoy v. Railroad, 82 Wis. 215; McKee v. Verdin, 96 Mo. App. 268; Turner v. Overall, 172 Mo. 289; Holden v. Railroad, 169 Penn. St. 17.   (5)   The court erred in its instructions given at the request of plaintiff.   They were contrary to the evidence and the second one did not correctly state the rule as to burden of proof as applied to this case.   (6)   The court erred in refusing to give instruction requested by defendant, and in giving same in a modified form.   (7)   The court erred in permitting plaintiff's attorney to make, in his closing speech to the jury the remarks imputed to him in defendant's motion for new trial in the fourteenth ground.   Killoren v. Dunn, 68 Mo. App. 212; Wright v. Brown, 68 Mo. App. 577; Norton v. Railroad, 40 Mo. App. 642; McDonald v. Cash, 45 Mo. App. 66; Gibson v. Zeibig, 24 Mo. App. 66; Wilburn v. Railroad, 48 Mo. App. 224; Stetzler v. Railroad, 210 Mo. 704.

*T. B. Buckner* for respondent.

(1) The case was fairly tried, is as free from error as any case could possibly be and we respectfully submit it should be affirmed with the statutory penalty. R. S. 1899, sec. 865; Dry Goods Co. v. Railroad, 41 Mo. App. 63. (2) Section 867 provides upon the affirmance of any judgment or decision or upon the dismissal of any case the supreme court may award to the appellee or defendant in error, not exceeding ten per cent of the amount of the judgment complained of as may be just. Where an appeal is without merit, the judgment should be affirmed with ten per cent damages. Bonnell v. Express Co., 45 Mo. 422; Kelly v. Express Co., 45 Mo. 228; Shackley v. Coal & Mining Co., 50 Mo. 410; Rose v. Cobb, 64 Mo. 464; DeBuele v. Labadie, 7 Mo. App. 578; Schwanger v. Winn Boiler Compound Co., 19 Mo. App. 534; Adler v. Lang, 28 Mo. App. 440; Taylor v. Scott, 26 Mo. 249; Thomas v. Burlington Insurance Co., 47 Mo. App. 169; Manufacturing Co. v. Huff, 67 Mo. App. 124; Lithographing Co. v. Association No. 5 of St. Louis, 84 Mo. App. 228.

ELLISON, J.—Plaintiff was injured by falling from one of defendant's street cars as he was preparing to alight therefrom. He alleged that his fall was caused by defective condition in the platform of the car. He brought this action for damages and recovered judgment in the trial court.

There was evidence tending to prove that plaintiff took two bundles with him on the car, which he left on the back platform. That as the car approached the street crossing where he was to get off he came out onto the rear platform, took a bundle in each hand and approached the side of the platform next to the steps, when his foot went into or turned in an opening in the platform made by a worn or defective board. This threw

137 App.—42

him off while the car was yet in motion, whereby he received considerable injury. At the time, he did not know what disturbed or turned his foot, but there was evidence tending to show it was the defect to which we have just referred. The entire evidence in plaintiff's behalf amply justified the court in refusing the demurrer to the evidence which defendant offered at the close of the evidence for plaintiff and again at the close of the whole evidence. The argument advanced by defendant on this head would lead to usurping the functions of the jury.

We do not discover any warrant for criticism of the instructions. Every phase of the case was properly covered. Under the facts developed the change made by the court in defendant's instruction No. 7 was proper enough. At any rate, no possible prejudice to defendant's case was caused by the alteration.

It is next insisted that the verdict is excessive. The nature of plaintiff's damages does not permit of accurate measurement. The amount, one thousand dollars, when compared with plaintiff's statement of his injury, does not strike us as being sufficiently disproportionate to justify our interfering with the conclusions of the jury.

The final objection made by defendant relates to misconduct of plaintiff's counsel in arguing the case to the jury. These objections do not appear in the record in a way which we can notice. The matters to which objection was made are not set forth in the bill of exceptions as having occurred. They are set forth in the motion for new trial and in affidavits in support of the motion, and these are incorporated in the bill of exceptions. It sometimes occurs that matters arising, or of which knowledge comes to the complaining party after the trial, are put in motions for new trial and are necessarily supported by affidavits. But where matters transpired during the trial between court and counsel, the bill of exceptions should state that such matters trans-

pired.   Putting such things in the motion for new trial does not prove them, nor are they to be shown by affidavits.   They must be by the affirmative statement of the bill.   We explained a similar objection in Harless v. Railroad, 123 Mo. App. 22.

The judgment is affirmed.   All concur.