SAMUEL SPERRY, Defendant in Error, v. JAMES HURD et al., Plaintiffs in Error.

Kansas City Court of Appeals, November 7, 1910.

1. TRESPASS: Evidence: Suspicion. Where several defendants are charged with a joint trespass and the evidence does no more than raise a possibility or suspicion against one of them, he is entitled to a peremptory instruction directing a verdict for him.

2. MEASURE OF DAMAGES. Where several items are charged in one count, requiring different measures of damages, it is error to so frame an instruction that a jury would be compelled to apply a measure proper for one element, to all those embraced in the charge.

3. ———: Instructions: Damages. Where there are two counts in a petition for trespass, embracing in part the same trespass, it is error to so word different instructions that the jury may be misled into allowing damages twice for the same act.

Error to Buchanan Circuit Court.—*Hon. L. J. Eastin,* Judge.

REVERSED AND REMANDED.

*Hewitt & Hewitt* and *W. H. Haynes* for plaintiff in error.

(1)   The application for a change of venue should have been stricken from the files, in view of the opinion rendered in this cause. 130 Mo. App. 495.   (2) Plaintiff's third (4th) amended petition should have been stricken from the files.   A departure from the original petition is unquestionably shown.   The original complaint was based on section 4573 and section 650, Statutes 1899; the amended petition is a common law action.   The original petition contained one count in ejectment, two counts for trespass, under section 4573, and one count to try and determine title.   The evidence that would support the first petition would not support the amended petition—the evidence necessary to support the amended petition will not support the complaint under the statute.   (3)   The motion to strike out a part of plaintiff's third amended petition should have been sustained.   The matter prayed to be stricken from said amended petition (a) did not constitute any cause of action; (b) the damages alleged to have been caused thereby were speculative, remote, non-consequential, were not the proximate result of any of the acts charged against the defendants.   Logan v. Railroad, 96 Mo. App. 461; Henry v. Railroad, 76 Mo. 288; Sira v. Railroad, 115 Mo. 127, Syl. 5.   (4)   Defendants objected to the jurisdiction of the Buchanan County Circuit Court from "start to finish," which said objections should have been sustained.   It is the general rule that in order to reinvest the lower court with jurisdiction after rendition of judgment on appeal, there should be an order of remand issued by the appellate court.   3 Cyc., p. 478.   (5)   The motion to require plaintiff to elect upon which count of his petition he would rely to recover upon, prayed at the close of the evidence, should have been given; for the reason

(a) that all the damages which plaintiff was entitled to recover, if any, was the damage to the inheritance, and could have been recovered under one count. (b) Under the evidence the damages were not severable; and to allow plaintiff to go to the jury on both counts, made it possible for him to recover double damages; and to have required him to elect, would have prevented him from doing that which was not only possible, but probable; that is, recover double damages—the very event that occurred.

*K. B. Randolph* and *Hubbell Bros.* for defendant in error.

ELLISON, J.—The cause of action upon which the judgment was rendered for plaintiff in this case was trespass to real estate, alleged to have been committed by defendants.

The parties reside on adjoining farms in DeKalb county and there seems to have been a dispute as to the correct division line between them. One of the fences was so constructed as to leave what has been designated as "devil's lane" between them. Defendant James Hurd is the father and the other defendants are his sons. The action stated in the original petition was in four counts. The first count stated an action in ejectment. The fourth one stated that defendant was claiming title to the real estate (a strip of land ten feet wide) and asked that the title be adjudged in the plaintiff. The second count was for trespass in tearing down plaintiff's hedge fence; and the third charged them with tearing down a post and wire fence. For the destruction of the hedge, plaintiff put his damage at twenty-five dollars, and for the destruction of the post and wire fence whereby cattle got upon his land he lost the use of his pasture, he alleged his damage to be fifty dollars. The two last counts

mentioned contained, in addition to the prayer for twenty-five and fifty dollars respectively, these words: "Together with costs and all rights and remedies to which he is entitled by virtue of chapter 60, volume 1 of the Revised Statutes of Missouri, 1899." By which we suppose it was meant to assert a right to have the damages doubled or trebled.

The cause was tried and resulted in a verdict for plaintiff for twenty dollars on the second and forty dollars on the third count. The trial court granted a new trial. Plaintiff then filed an amended petition containing eleven counts. It was not shown what they were for, but a verdict was rendered for plaintiff on six of them, aggregating $213. Again the trial court granted defendants a new trial. Plaintiff appealed from this order and it was affirmed in this court (130 Mo. App. 495).

Thereafter plaintiff applied for and obtained a change of venue on the ground of his allegation that the judge was prejudiced against him. The case was sent to the Buchanan County Circuit Court.

In the latter court a third petition was filed, containing two counts. The first one charging that between the 10th and 30th of April, 1904, defendants tore down plaintiff's hedge fence of the value of fifty dollars; that cattle got in his grounds and damaged fifty cherry trees, $50; one hundred and fifty peach trees, $150, thirty-five apple trees, $35; fifty plum trees, $50; one and one-half acres of rye, $15; one-half acre of garden, $50; and one and one-half acres of meadow, $10. In all amounting to $410.

The second count charged the tearing down and destroying a post and wire and board fence at divers times along from the first of May to the first of October, 1904. The damages are then set out in detail as to the fence, trees, rye, garden and meadow, as in the first count and the aggregate of $410 is the same;

and in each count there is a prayer for exemplary damages in the sum of $1000. The only difference in the two counts is in the item of fence, the first being a hedge and the second a post and wire and board fence.

A trial was had on this petition and resulted in a verdict and judgment for plaintiff on the first count in the sum of $50 as actual and $250 as exemplary damages and on the second count the sum of $240 as actual and $500 as exemplary damages, making a total of $1040. From the judgment for this sum the defendants took out a writ of error.

The record presents a great many exceptions. Many of these it will not be necessary to consider and some others cannot be sustained for the reason that they are not properly preserved for review. Among the latter is complaint of the closing argument of counsel for plaintiff, wherein it is stated he used certain language and made certain observations which are set out in the motion for new trial. If uttered, they were highly improper and would be amply sufficient ground for setting aside the verdict. But these remarks are not preserved in the bill of exceptions. As just said, it is stated by defendants in their motion for a new trial that the remarks were made, but we cannot assume the statements of a party in a cause to be true. The bill of exceptions should verify what is stated in the motion. [Harless v. Electric Ry. Co., 123 Mo. App. 22.]

We think error was committed in refusing defendant's instruction directing a verdict for defendant James Hurd on the second count in the petition. There was no evidence of his having destroyed the posts, board and wire fence, or that he aided, counseled or directed that it be destroyed. The record in this respect is vague and uncertain and seems to show merely ground of suspicion.

Error was also committed in giving instructions 2 and 9 for the plaintiff. Instruction 2 directed that the jury must find for plaintiff, on the first count, if defendants maliciously cut down the hedge fence, and in No. 9 the jury were told that if they "find for the plaintiff, then in assessing his compensatory damages, on the first count of his petition, the jury may take into consideration the market value of the plaintiff's land immediately before and after the damage," etc. The first count contained allegations of damage to the rye, meadow and garden, the loss of which did not affect the value of the land. So that if the jury should find that only these were destroyed and that the trees were not, they still must measure the damage as if it were to the inheritance or the land itself, instead of the value of the garden truck, the rye and the grass.

The same criticism can be made of instructions 3 and 9.

It appears clear to us after as careful an examination as can be made of this perplexing record, that plaintiff has been allowed to recover damages twice for one act. The last petition and evidence, taken together, show that as the result of the dispute between the parties as to the division line between them, defendants during the spring, summer and early fall of 1904, at different times, tore down plaintiff's fences, whereby cattle came into his garden, orchard and fields and did damage by tramping and eating up the vegetables, grass, &c., and injuring fruit trees. These things were a series of connected and continuous wrongs growing out of the same matter, which could have been, and should be, embraced in one count. As presented here, we find defendants charged with destroying the same trees, grass and garden in each count, set out in identical terms and inflicting, in each item and instance, the same amount of damage. It would appear from the first count that defendants tore down a

hedge fence, between April 10th and 30th, which let in cattle who destroyed fifty cherry trees, one hundred and fifty peach trees, thirty-five apple trees and fifty plum trees as well as one and one-half acres of meadow, the same amount of rye and also one-half acre of garden. And from the second count it would appear that defendants tore down the post and wire fence at different times between the first of May and the first of October, whereby cattle got in and laid waste the same number and kind of trees and the same rye, grass and garden, damaging all in the same amounts as charged in the first count.

We have already stated that the first verdict was for sixty dollars and the one complained of on this appeal is $1040. It was evidently based on a misconception of the case. It is true that $750 of that amount is for exemplary damages, which were not claimed at the first trial, but omitting that part of the verdict, it was still for nearly five times that recovered in the first trial and nearly four times that claimed before the petition was amended.

On retrial the case should be made clearly to appear as to the acts charged upon defendants and that cattle were thereby let into plaintiff's premises, stating what injury was done. This should be done in such plain way as to leave no room for confusing different acts or confounding different elements of damage.

It is well enough to add that we have not passed upon, nor have we investigated, any question as to the number of petitions filed or as to any supposed change of cause of action.

The judgment is reversed and the cause is remanded. All concur.