MARY H. O'DONNELL, Respondent, v. HUGH L. McELROY, Appellant.

### Kansas City Court of Appeals, June 12, 1911

1. **TRIAL: Remarks of Counsel: Harmful Error.** If counsel for plaintiff, in arguing a case to a jury, refers, over defendant's objection, to a statement made by a former counsel of the defendant in regard to the claim of the plaintiff, and that thereafter such counsel abandoned defendant's case and refused to appear further for defendant, and the court refused to rule on the objection or reprimand counsel, it was *held* to be reversible error.

2. ————: ————: **Bill of Exceptions: Affidavits.** If objectionable remarks of counsel in argument to the jury are preserved in the bill of exceptions, that is sufficient, and no aid is given to the bill by affidavits of persons who heard the remarks.

3. **EVIDENCE: Real Estate Broker: Peremptory Instruction.** Where the entire evidence showed what the customary and usual commission for the sale of real estate was, but there was evidence tending to show that the plaintiff himself did not consider or claim that much, it was error to peremptorily direct the jury that if they found for the plaintiff they' should find the full sum which the usual commission would make.

Appeal from Jackson Circuit Court.—*Hon. Herman Brumback,* Judge.

REVERSED AND REMANDED.

*Charles M. Bush* and *Charles B. Adams* for appellant.

*W. C. Culbertson* and *R. W. Crimm* for respondent.

ELLISON, J.—Plantiff seeks to recover from defendant a commission for procuring a lease of some of the latter's real estate in Kansas City, Missouri. She prevailed in the trial court.

The lease was made to James A. Rose, and he was at first made a co-defendant, but afterwards was dropped from the petition. There was, in the trial court,

and is here, a sharp struggle over the question whether plaintiff was authorized to act as defendant's agent. We dispose of a large part of the case by stating that we have examined the record and find that there is evidence sufficient to support a verdict that she was defendant's agent.

Passing to complaints which arose in the progress of the trial, we find that error was committed in allowing plaintiff's counsel to refer to one of defendant's former attorneys retiring from the case. After referring, in argument to the jury, to certain statements made by Mr. Holmes during the taking of certain depositions in this case, plaintiff's counsel said: "And from that day to this Daniel B. Holmes has never appeared in or taken part in this case." The court, after declinging to rule on defendant's objection to that statement, permitted counsel, over defendant's objection, to go on in these words: "Holmes & Page receipted for the second amended petition and both gentlemen are in town and are not appearing in this case, and they are Mr. McElroy's regular lawyers and they have no other attorneys in this town." These remarks were connected with the statements said to have been made by Mr. Holmes in such way as to leave the impression that he believed plaintiff's claim was just and refused to defend against it. They were not supported by evidence, and were prejudicial and highly improper.

We notice that these remarks in argument are said to be supported by affidavits filed by parties hearing them. Such affidavits as to what took place in the presence and with the knowledge of the court, do not add anything to the bill of exceptions. It is stated in the bill that the remarks were made and objected to, and we accept that as absolute verity, needing no assistance from affidavits. [Harless v. Electric Ry. Co., 123 Mo. App. 22; Blackwell v. Met. St. Ry. Co., 137 Mo. App. 654; Sperry v. Hurd, 132 S. W. 66.]

Furthermore, we think it was error to admit in evidence what Mr. Holmes said during the taking of the depositions. We know of no place it could legitimately have in the evidence unless on the ground that it was said in defendant's presence and acquiesced in by him by silence. We do not see that it contains any admission against defendant and the only part it could possibly take in the case would be as ground for confusing the minds of the jury. It should be excluded on the score of irrelevancy.

The trial court directed the jury that if they found for plaintiff, the amount must be $750 and interest. This was on the ground that all the evidence showed that the customary commission would have amounted to that sum. And perhaps also by counsel's admission as to what the customary commission was. But, passing by the question whether the jury is bound by what is said by witnesses as to customary charges, commissions and fees, we find that it did not appear by all of the evidence that plaintiff herself thought she was entitled to the usual commission amounting to $750, for she wrote defendant the following letter showing her estimate was much less, viz.: "Being advised that the lease on the Red Cross Hospital at Thirty-third and Baltimore avenue, has been filed for record, and the deal closed, I will be very much pleased to have you mail me check for my portion of the commission, the amount of which is $250. Thanking you in advance, I am," etc.

It is suggested now that that letter was an offer of compromise and should not be considered. We do not see any indications of anything but a straight statement of the amount of her bill.

There are other objections stated, as that for the purpose of prejudicing the jury, counsel persisted in asking questions which had been pointedly ruled to be improper by the court. We have not examined as to

these since if they occurred, they will, of course, not be repeated at another trial.

The judgment is reversed and the cause remanded. All concur.