SHANNON COMMISSION COMPANY, Respondent, v. JOHN A. REDMAN, Appellant.

Kansas City Court of Appeals, May 24, 1915.

1. **ACCOUNTS: Referee: Report: Evidence: Bill of Exceptions.** An action on a lengthy account was referred to a referee. He made his finding and reported it with the evidence to the court. Defendant filed several objections and, with one exception they were overruled. Defendant then appealed to this court without incorporating the evidence heard by the referee, in the bill of exceptions. It was *held* that his objections founded upon the evidence and upon the rulings of the referee could not be considered. It was further *held* that matters of objection as stated by counsel in his objection to the report could not be accepted as having transpired, since such matters should appear in the bill.

2. **CREDITOR: Debtor: Invalid Claim: Direction of Payment.** Where a creditor has several claims, some invalid, and some valid and the debtor directs a part payment to be applied on the invalid claim, the creditor may so apply it.

Appeal from Buchanan Circuit Court.—*Hon. Wm. D Rusk*, Judge.

AFFIRMED.

*Hewitt & Hewitt* for appellant.

*Culver & Phillip* for respondent.

ELLISON, P. J.—Plaintiff sued upon an account, wherein it is alleged that plaintiff between the 12th day of January, 1910, and the 27th day of May, 1910, advanced and paid out at the request of the defendant the sum of $13,162.50 including commissions earned by it. That plaintiff has received and been paid by defendant $10,655 on account, and that there remains due and unpaid to plaintiff on said account the sum of $2507.50 and that defendant has refused to pay said balance due after demand. Plaintiff sets out by way of itemizing said account twenty-seven transactions, showing the purchase, and sale of nearly one million bushels of wheat, oats and corn on the Board of Trade in Kansas City, Missouri, and in Chicago, Illinois. Plaintiff says in its petition that, between the 12th day of January, 1910, and the 27th day of May, 1910, defendant paid plaintiff the sum of $2375 and further says that, in addition thereto defendant paid the following sums on said account: (Here follows the credits.) These various credits, at the divers dates, leaves a balance due plaintiff as it alleges, the sum of $2507.50. The defendant's answer is, first, a general denial; second, a denial of each of the twenty-seven transactions set out, itemizing said account; third, defendant further answering says that he did not have the amount of grain on hand, nor did he intend actually to receive the amount of said alleged purchase, and that they were all and singular gambling and unlawful.

By agreement and consent of the plaintiff and defendant, W. B. Norris, Esq., of the Buchanan county bar was by the court duly appointed to hear and try the issues, and make a report of his finding of facts, and conclusions of law. Which duty the referee performed. In due time after the filing of the report of the finding of facts and the conclusions of the law by the referee, defendant filed his exceptions thereto; all of which exceptions were by the court overruled, save ex-

ception one, which was by the court sustained, and judgment in accordance therewith.

The report of the referee, including his conclusions of law, defendant's objections thereto, the ruling of the court on the objections and the judgment, together with the motions for new trial, are all that we find preserved in the bill of exceptions. The report of the referee was made after several days hearing of evidence. His report and the judgment of the court are founded on that evidence and yet we have no means of knowing what it was.

Defendant set forth thirteen specific objections to the referee's report. The first four of these are based on objections to certain questions said to have been asked and certain evidence said to have been received at the hearing. As no record of the trial is preserved we have no means of knowing whether such questions were, in fact, asked, or such evidence heard. Defendant's statement that they were in his objections does not prove it. [Harless v. Electric Ry., 123 Mo. App. 22, 31; Spurg v. Hurd, 151 Mo. App. 579, 583; Blackwell v. St. Ry. Co., 137 Mo. App. 654, 658.]

The same remark will apply to the twelfth objections wherein it is said the referee erred in his finding that Illinois contracts "mentioned in evidence," etc. We have neither the contract nor the evidence and cannot say there was error.

The same remark is applicable to the fifth objection as to admitting "papers denominated confirmations as appears by page thirty-two of transcript of evidence." There is no such transcript.

There being no evidence also disposes of objections six, seven and eight.

Objections nine and ten were that the findings were not responsive to, or authorized by, the pleadings. We think these objections not well made and that the referee was clearly right. But even if the objections were valid on their face, we have no means of know-

ing whether they were not waived at the hearing. The range of evidence heard, without objection, frequently loosens the limits of a pleading.

The eleventh objection was sustained and is not now in controversy.

The thirteenth recommending a judgment for $825 was in great part sustained as the court only rendered judgment for $395 with interest.

Returning to objection nine wherein it is said that the sum of $2375 of defendant's money in plaintiff's hands should not have been applied by plaintiff as a credit on defendant's indebtedness to him, we observe the referee found that the total sum paid out for defendant on both the legal and illegal transactions was $13162.50. It was found that defendant had made a profit on other transactions of $2375, which was applied on this total indebtedness, a part valid and part invalid. If that was defendant's direction to plaintiff, it was a proper credit. For where a creditor has two claims against a debtor, one recognized as valid and the other invalid, he may apply the credit to the invalid claim if the debtor so directs; a debtor has a right to pay an invalid claim if he so desires. [Hubbell v. Flint, 15 Gray, 550; Richardson v. Woodbury, 12 Cush. 279; Rohan v. Hanson, 11 Cush. 44; Tomlinson v. Kinsella, 31 Conn. 268; Brown v. Burns, 67 Me. 535; Dorsey v. Wayman, 31 Md. 59; Johnson v. Dahlgren, 62 N. Y. Supp. 1115; 30 Cyc. 1229, 1233.]

Here again defendant is met with the fact that we have no evidence before us.

So from the whole record we find ourselves compelled to say that no error has been shown and hence we affirm the judgment. All concur.